Pearson, J.
 

 It was objected, upon the argument, that there was no sufficient proof of the loss of the note to let in evidence of its contents, or to give this Court jurisdiction. Equity assumes jurisdiction, not merely upon the ground of accident, but because its mode of giving relief effects complete justice; for, its decrees are modelled to suit every circumstance, which may be presented in a cause; and a decree for the plaintiff, in the case of a lost bond, requires him to indemnify the defendant; whereas the
 
 *487
 
 judgment at law is absolute, either for the plaintiff or defendant.
 

 The affidavit of loss, annexed to the bill, is sufficient to induce this Court to take jurisdiction, and upon the hearing, it is sufficient to let in proof of the contents of the note, unless there be some opposing evidence ; for the affidavit is aided by the consideration, that the plaintiff will be required to indemnify the defendant, and can expect to derive no benefit by a change of the forum, when the answer admits the execution of the note and its contents. We think the affidavit of loss is not only competent, but sufficient, evidence, to allow the plaintiff to read the answer for the purpose of showing the contents of the note ; for, there is, then, no motive for coming into equity, unless the note be really lost. The fact, that equity requires slighter proof of the loss, is the main reason to induce parties to sue in that Court, and distinguishes its mode of proceeding from that of a Court of common law; for, there, strict proof of the loss must be required, as the judgment is absolute and there is no way to impose conditions.
 

 The question of loss does not touch the merits, but is a collateral matter, preliminary to the admission of secondary evidence. In many cases the affidavit of the plaintiff is the only proof he can make of the loss. He cannot expect upon this point any aid by a discovery from the defendant; for, as a matter of course, he knows nothing of the loss, and he cannot, except in a rare case, have a witness to the loss. He will, therefore, be without remedy, unless equity can give relief upon his mere affidavit. If he can prove the loss, it is better for him to sue at law, where he will get an absolute judgment. In equity he is to give an indemnity, and his coming there strongly supports the affidavit. Relief is, therefore, given upon his mere affidavit as to this collateral matter; for it would be out of the question) that one should lose his right, be
 
 *488
 
 cause he cannot prove the loss of a note, and it is against conscience for the debtor, who admits the execution and contents of the note, to seek to avail himself of an accident, which does not affect the rights of the parties one way or the other. The case would be different, if the execution or contents of the note was denied ; and that was, on the oath of the defendant, suggested,.as the plaintiff’s motive for falsely alleging its loss. In such a case, although equity would not refuse to consider the mere affidavit as sufficient to account for not producing the original note, the strictest and clearest proof of the execution and contents would be required.
 
 Walmesly
 
 v. Child, 1 Ves. Sr. 32 1.
 

 We do not concur in the
 
 dictum
 
 of his Honor Judge Gaston in
 
 Allen and Wycoff
 
 v.
 
 State Bank,
 
 1 Dev. and Bat. Eq. 7, that the plaintiff cannot prove the loss of a note by his own oath, although its correctness is assumed by Judge Daniel in
 
 Dumas
 
 v.
 
 Powell,
 
 2 Dev. & Bat. Eq. 122, who considers the affidavit evidence, but requires strong
 
 con oborating proof.
 
 In both cases, the Court considered, there was plenary proof of the loss, and it did not become necessary to
 
 decide,
 
 whether, if there had been no proof upon this preliminary question but the affidavit, the plaintiff would have been entirely
 
 without remedy.
 
 The loss of a
 
 deed,
 
 even in a Court of law, may be shown by the oath of the party, so as to let in secondary evidence ; and the only reason, why the same practice is not followed in those Courts in reference to the loss of bonds and notes, is the want of power to require an indemnity, as a condition to the judgment.
 

 Although the decrees of this Court are better calculated to effect complete justice, than judgments at law, in such cases, the mode of trying facts at law by examination of witnesses in the presence of a jury is preferable to the mode of trial in this Court; particularly, when the very defective manner of taking depositonsis considered. Ma
 
 *489
 
 ny are stuffed with impertinent matter, and very frequently the parties, by not apprehending the point of the case,omit, upon the examination or cross-examination, to ask the very questions, which bear upon the important facts.' By directing the trial of an issue before a jury, the parties will have the benefit of the common law mode of trial, and, at the same time, have relief according to the course of this Court.
 

 The defence cannot be sustained upon the general allegation of usury, before the rendition of the judgments by the magistrate. For, admitting the original notes to have been usurious, there is no sufficient averment, that the judgments were confessed, in pursuance of a corrupt agreement, and as a cloak for usury ; and no reason is assigned, why the original debtor, Underwood, did not rely upon the plea of usury before the magistrate. The judgments, therefore, are conclusive, as to all matters that could have been relied on as a defence upon the trial of the warrants.
 

 The allegation in reference to the note of $768, if true, will fully sustain the defence, but the proof filed is confused and unsatisfactory ; and this Court directs the fact to be tried by a jury in the County of Sampson in the Superior Court; for which purpose the defendants will accept service of a writ in debt upon a note of $768, due 15th of October 1846 ; and upon the trial they will admit the execution and contents of the note and its loss, and put their defence upon the plea of usury ; which will depend upon the following question — was the note delivered in pursuance of an understanding between the plaintiff and the defendant, Carroll, entered into
 
 before the sale
 
 of Carroll’s property, as a cover for an usurious agreement ? Or was it delivered as a consideration for property bought by the plaintiff,
 
 without any previous understand•
 
 ing, and for the balance of the judgments held by the plaintiff?
 

 
 *490
 
 Any deposition, filed in the cause, may be received on the trial by either party, if the witness has left the State, or is dead, or is too infirm to attend Court. The finding of the jury will be certified to this Court.
 

 Per Curiam.
 

 Ordered accordingly.