D. A. SPIVEY v. JAMES F. JONES and Benjamin W. Taylor..

*Ejectment—Common Grantor—Failure to Answer.*

1. In an action of ejectment, when both parties claim title from the same source, all that the plaintiff has to do in order to recover, is to show that he has a better title from the common grantor than the defendant.

2. In such action where plaintiff claims title obtained at execution sale,. and it appears that between the date of the judgment and the date of the sale, the judgment debtor went into bankruptcy: *Held*, That the failure of the assignee in bankruptcy (who was made a party defendant) to answer, established the title of the plaintiff as against him.

(*Ives* v. *Sawyer*, 4 Dev. & Bat., 51; *Murphy* v. *Barnet*, 1 Car. L. R., 106; *Copeland* v. *Sauls*, 1 Jones, 70; *Newlin* v. *Osborne*, 2 Jones, 163; *Love* v. *Gates*, 4 Dev. & Bat., 363; *Norwood* v. *Morrow*, *Id.*, 442; *Donnell* v.. *Cooke*, 63 N. C., 227, cited and approved.)

CIVIL ACTION to recover possession of Land, tried at Fall Term, 1879, of GREENE Superior Court, before *Eure, J.*

The cause was heard upon the pleadings and a case agreed. which are sufficiently set out in the opinion. Judgment in. favor of defendants, and plaintiff appealed.

*Messrs. Grainger & Bryan*, for plaintiff.
*Messrs. Geo. V. Strong, A. K. Smedes* and *G. M. Smedes*, for defendants.

ASHE, J. This was an action for the recovery of land in nature of an action of ejectment, tried at fall term, 1879, of. Greene superior court, upon the pleadings and a case agreed.

The plaintiff alleges in his complaint that he was the owner in fee simple of the land in controversy, and entitled to the immediate possession thereof, which was unlawfully withheld from him by the defendants. The defendants,. Jones and Taylor, deny the allegations of the plaintiff as to the ownership and also that they unlawfully withhold the-

possession, but admit that they are in possession. John Hutchinson, the assignee in bankruptcy of one W. H. B. Taylor, was regularly made a party defendant but failed to file an answer.

The plaintiff, in support of his title, offered in evidence three judgments rendered in the superior court of Greene county, in favor of different plaintiffs against said W. H. B. Taylor and others, as follows: A judgment dated October 10th, 1867, docketed April 23d, 1870; one of same date, docketed March 10th, 1870, and another dated April 15th, 1869, and docketed the same day in the superior court of Greene county; then the executions on these judgments and the levy upon and sale of the land in controversy, by virtue thereof, and the sheriff's deed for the same, bearing date the 10th day of March, 1871.

The defendants exhibited as a part of their case a judgment of Wayne county court dated November, 1867, (the court was held on the 11th of November), against W. H. B. Taylor and the defendant James F. Jones, execution thereon and of same date issued to the sheriff of Greene county, a sale and sheriff's deed for the land in dispute, bearing date the 12th of February, 1868. In the case agreed it is admitted that the money due on this judgment was paid by the defendant, Jones, to the sheriff of Greene county, while the execution was in his hands, and that he afterwards sold the land under the execution, and the said Jones became the purchaser and received the sheriff's deed as above stated. It was further admitted that at the date of the sheriff's deed to Jones, W. H. B. Taylor was the owner of the land, and that he was declared a bankrupt on the 18th day of May, 1868, and duly discharged as a bankrupt on the 4th day of November, 1869.

It is the universal rule in actions of this nature that the plaintiff must recover, if at all, upon the strength of his own title and not on the defects in that of his adversary. But

to this rule there are two exceptions: 1. " When the plaintiff is a purchaser at sheriff's sale and the defendant is the defendant in the execution. 2. When both parties claim under the same person neither shall deny the title of the person under whom both claim." *Ives* v. *Sawyer*, 4 Dev. & Bat., 51; *Murphy* v. *Barnet*, 1 Car. L. R., 106. But this last rule must give way when the defendant can show a better title in himself or in a third person with whose title he can connect himself. *Copeland* v. *Sauls*, 1 Jones, 70; *Newlin* v. *Osborne*, 2 Jones, 163; *Love* v. *Gates*, 4 Dev. & Bat., 363; *Norwood* v. *Morrow, Ibid*, 442.

Let us see how these principles apply to the facts of our case. Both parties claim under W. H. B. Taylor, and neither can dispute his title. The plaintiff claims as purchaser at a sheriff's sale by virtue of executions against W. H. B. Taylor and a sheriff's deed for the land in pursuance thereof. He shows a judgment and execution, a sale and sheriff's deed. By this purchase he acquired whatever interest the said W. H. B. Taylor had in the land at the time of the sale. This gives the plaintiff a *prima facie* title against the said Taylor and all claiming under him. But the defendants Jones and B. W. Taylor claim under him and it is incumbent on them, in order to defeat the plaintiff's recovery, to show a better title in themselves than that of the plaintiff. This they have failed to do. It is true W. H. B. Taylor went into bankruptcy and one Hutchinson was appointed his assignee soon after his being declared a bank-. rupt in May, 1868, but it is not shown that Taylor was the owner of the land at that time and that it passed into the hands of the assignee, and it may be presumed it did not, as he has never asserted any claim to it as the property of the bankrupt, and it does not appear that the judgments on the land have ever been before the bankrupt court for adjudication. *Donnell* v. *Cooke*, 63 N. C., 227. But however that may be, he was made a party defendant to the action,

and failing to answer the complaint, must be taken to admit all its allegations to be true. What is the extent of that admission? It is that the plaintiff was the owner of the land in dispute and was entitled to the possession. For the purposes then of this action the title of the plaintiff is established against Hutchinson the assignee, and so far as concerns the other two defendants, Taylor and Jones, who set up no title as derived from W. H. B. Taylor except a sheriff's deed that is void, and admitted in the urgument to be void, it is immaterial whether the title had vested in Hutchinson the assignee or not, for they by the authorities above cited are precluded from showing a title in him or any one else unless they can connect themselves with such title. They have not shown any connection or privity with Hutchinson or his title. And it is a rule that obtains in ejectment suits when both parties claim title from the same source, that he must prevail who has the best title, " and all that the plaintiff needs to do to recover is to show that he has a better title from the common grantor than has the defendant." Wait's Actions and Defences, § 3.

We are of the opinion that the plaintiff upon the state of facts disclosed by the pleadings and case agreed has a better title than the defendants, and is therefore entitled to recover. Let this be certified to the superior court of Greene county that the damages may be assessed by a jury according to the case agreed and that judgment may be rendered agreeably to this opinion.

Error.                                              Reversed.