### E. MAUNEY v. T. J. CROWELL.

*Evidence—Contract to convey land—Registration.*

Where proof is made of the loss of a contract to convey land, a copy thereof if shown to be correct is admissible as secondary evidence to prove the contents of the original, though no search was made to ascertain whether the original was registered. Such a contract is valid without registration.

(*Edwards* v. *Thompson,* 71 N. C., 177, cited and approved.)

CIVIL ACTION tried at August Special Term, 1880, of ROWAN Superior Court, before *McKoy, J.*

The plaintiff sues to recover the value of a portion of a stamp mill, used for reducing gold ore, which is withheld and appropriated by the defendant. The defence set up is a denial of the plaintiff's right and an assertion of property in the defendant. During the trial before the jury several

exceptions were taken by the defendant, one only of which is it necessary to consider. The defendant proposed to show that he, owning certain mining lands whereon the mill was afterwards placed, entered into a written contract with the firm of Kent & Miller to convey the same to them, if the stipulated purchase money was paid within a limited time; and if not, the land should revert to him and the title to all the fixtures and improvements put thereon by the vendees also vest in him; that the contract had been lost, and he offered as secondary evidence a copy bearing the genuine signatures of himself and of Miller, one of the partners to whom the sale was made. The court held that " the contract being between Crowell and parties unconnected with the suit, and its loss not being sufficiently accounted for in not showing that it was not registered in Stanly county, where the mine is situated, and it being intended to prove what the defendant was here in person to prove, the contents were not allowed to be proved by parol." To this ruling the defendant excepts. The verdict was in favor of plaintiff, judgment, appeal by defendant.

*Messrs. J. M. McCorkle* and *J. W. Mauney,* for plaintiff.
*Mr. W. H. Bailey*, for defendant.

SMITH, C. J., after stating the case. If the finding was general that no sufficient search had been made for the absent original and for this reason the offered copy was refused, the fact thus found would be conclusive and the rejection would follow as a necessary legal consequence and both be beyond the reach of correction. While the record is somewhat confused and we may fail to put upon it the meaning intended, we understand the copy to have been excluded solely upon the ground that as the law directs the registration of " all contracts to sell or convey lands, tenements or hereditaments, or any interest in or concerning them,"

(Bat. Rev., ch. 35, § 24,) this is presumed to have been registered, and if so registered, a copy duly certified from that office (§ 9) would be legal evidence of a higher grade, and hence in the absence of any examination of the register's book, the inferior evidence offered was inadmissible. We must then assume there was plenary proof of the loss of the original writing and the copy was ruled out because there had been no examination and search to ascertain whether it had been admitted to registration. This ruling raises a question of law, of which this court has appellate jurisdiction and in our opinion it is erroneous. Contracts of this kind are valid without registration as is decided in *Edwards* v. *Thompson,* 71 N. C., 177. The copy from the registry is but a copy, differing from another only in the effect given to the certificate of the register, while in other cases the correctness of the copy must be shown by sworn testimony and then only when the original is lost or destroyed. When its absence is satisfactorily accounted for, we see no sufficient reason why either method of proof may not be resorted to, and why one should be allowed to exclude the other. The evidence may be considered in another aspect, not presented in the form of the exception. The paper writing was also itself an original and may have the effect of vesting a moiety of the mill in the vendor, and, if so, his right of possession would defeat the action. But it was offered only as a secondary evidence, and we cannot consider it in any other light. There must be a new trial.

Error.                                        *Venire de novo.*