*OREN BONDS v. RAIFORD SMITH.

*Estoppel—Fraud—Evidence—Landlord and Tenant—Statute of Limitations — Possession — Pleading — Issues — Recitals in Deed—Action to Recover Land.*

Where B. bought a one hundred acre tract of land and left the State after putting his father G. in possession, and entering into an agreement with G. to pay the tax on the land in consideration of the rent, and, in the absence of B., the land being sold for taxes, S. bought it at Sheriff's sale, and though G. repaid the amount of tax with twenty-five per cent. thereon to S., within twelve months after the sale, S. fraudulently procured the Sheriff to make a deed to himself, and thereupon G. brought an action against S. for the recovery of the land which was compromised by a conveyance to G. of forty-nine and one half acres of the tract, which B. had verbally promised to give to G. on his return : *Held*—

1. That where one enters into possession of land as the tenant of another, not only the tenant, but his sub-lessees are estopped from denying the title of his landlord or those holding the fee through the lessor until the possession is surrendered to the landlord and an entry is made under some other title.

2. That where one acquired a pretended title or possession, or both, by collusion or a fraudulent compromise with another, whom he knows to be holding as the agent, or tenant, the former is considered in privity with the latter and with his landlord and estoppel, just as the agent or tenant would have been from denying the title of the principal or landlord till after a surrender of the possession and an entry in some other right.

3. That, in this case, the recovery of B. against S. was not barred by the possession of the latter for seven years, because it was not adverse to B.

4. That the statement of the foregoing facts was a sufficient allegation of fraud in a complaint, but if it were not sufficient, the defendant had, in his answer, denied that he procured the deed or the possession by fraud or collusion, and the doctrine of aider would apply.

---

* Head-notes by AVERY, J.

5. That it was not error to submit an issue involving title and another involving the fraud, the appellant having failed to show that he was deprived of the opportunity to present to the jury any view of the law arising out of the evidence.

6. That the equivocal denial of the allegation as to the nature of the deed is an admission of its truth, and apart from that principle it is a universal rule that where a deed is attacked for fraud recitations contained in it may be shown to be false, or it may be proven that others, which should have been inserted, were omitted, if such evidence tends in any way to establish the alleged fraud.

7. That it is within the sound discretion of the Judge who tries a case to determine what is sufficient proof of the loss or destruction of an original paper to make evidence of its contents competent, where nothing appears to the contrary the appellate Court will assume that the Judge below admitted the secondary evidence after hearing plenary proof of the loss or destruction of the original.

8. A plaintiff is required generally to show title good against the world, while a defendant can ordinarily prevent his recovery by showing a better outstanding title in any person; but it is a well established rule, adopted originally for convenience in the trial of actions of ejectment, that where both parties claim under the same person neither will be allowed to deny that such person had title, and a defendant in such cases cannot show a superior title without connecting himself with it.

9. Where the plaintiff shows from the deeds offered, or the admission in the pleadings, that both claim from a common source, he is required only to exhibit a better title in himself derived from it, than that of the defendant, in order to establish *prima facie* his right of recovery.

This was a CIVIL ACTION, for the possession of land, tried at the December Term, 1889, of the Superior Court of CUMBERLAND County, before *MacRae, J.*

The action was begun by issuing a summons against Raiford Smith and Jack Inman, April 10, 1886. Inman who held as a tenant under Smith was not served.

The plaintiff alleges that Jane D. Byrnes and others conveyed to him on the 19th of March, 1872, one hundred acres of land, described in the complaint, and that the defend-

ants, Inman as tenant and Smith as landlord, wrongfully withhold the possession of the lower portion of said tract of land, containing fifty-nine and a half acres.   In stating his second cause of action the plaintiff alleges that he (the plaintiff), in the latter part of the year 1875, left the State of North Carolina, and remained out of the State for several years, but before leaving he put his father, Granville Burnes, or Bonds, in possession of the one hundred acre tract of land, and that said Granville, who was plaintiff's father, agreed to occupy said land as plaintiff's tenant during his absence, and to pay the taxes on the land in consideration of receiving the rents.

The plaintiff further declares " that the said Granville Bonds, now dead, procured the defendant Raiford Smith, during the absence of plaintiff from the State, and without the knowledge or consent of plaintiff, to pay the taxes to R. W. Hardie, Sheriff of Cumberland County, for the year 1876, amounting to $5.60, so he is informed and believes, and that the said Granville paid to said Smith the sum so advanced, together with more than twenty-five per cent. additional, paying him at one time $9.40, and at another $5.60, within the twelve months, and, upon his further demand, paying him twenty-five dollars additional; yet, the said Smith, so this plaintiff is informed and believes, by misrepresentations, induced Sheriff Hardie to make him a tax deed for the property, one hundred acres, less one acre—that is, ninety-nine acres—and took possession thereof by virtue of said tax deed;" and " that before the return of the plaintiff to this State, and without his knowledge, the said Granville Bonds brought suit in his own name against the said Raiford Smith for the property in the Superior Court of the county of Cumberland at Fall Term, 1889, and during its pendency, and by arrangement between them, unknown and unsanctioned by the plaintiff, the said Smith executed a deed for forty-nine and a half acres of this land to said Granville Bonds,

and now claims the remainder thereof under the said Sheriff Hardie's tax deed, and is still in possession by his tenant, said Jack Inman (colored), and they wrongfully withhold possession from the plaintiff of the lower or southern part of said one hundred acres, to-wit, forty-nine and one half acres."

The plaintiff prays for possession of the forty-nine and one half acres that he bought at a Sheriff's sale for taxes about the year 1876. The defendant Smith then set forth more specifically his grounds of defence as follows: "This defendant admits that Granville Bonds brought suit against him to recover possession of said land, and that afterwards said suit was compromised. The said Granville, by the compromise, paid to defendant Smith $12 50, and afterwards a deed was made conveying to said Granville the upper half of a tract of one hundred acres that was conveyed to defendant Smith by said Sheriff's deed."

The defendant, further answering, says: "That intimations or insinuations contained in plaintiff's complaint that defendant Smith made misrepresentations to Sheriff Hardie, or any other person, to procure said deed, or to get into possession of said land, are wholly untrue; and the like intimations and insinuations that defendant Smith, by any sort of arrangement or collusion with Granville Bonds, obtained said deed for possession, are untrue, except that, being in possession under said deed at time of said suit, he contracted, at the instance of said Granville, to make him a deed, as above stated, for the upper part of the land."

The defendant Smith further alleges "that after his said purchase and deed, say about 187-, he took possession, and has ever since held the open, notorious and exclusive adverse possession of said land, or lower half of what said deed conveyed to him, and has so continued to hold the same until this time, up to the known and visible boundaries thereof. And defendant pleads that by reason of the facts set forth in

the complaint, together with the above alleged facts, the plaintiff's said claim or right to have possession of said land is barred by the statute of limitations, because the plaintiff's alleged cause of action did not accrue within seven years next before the commencement of this action."

In his replication the plaintiff, after re-offering the allegations of the complaint, says " that he left the State of North Carolina in 1875 and did not return until December, 1885, being the year of his father's (Granville Bonds) death, and that it was not until after his father's death, in 1885, that this plaintiff received any information whatever, or made any discovery of the facts constituting the fraud upon the plaintiff's right, committed by the defendant, set forth in the second cause of action of the complaint, and that the suit was instituted in April, 1886."

The following issues were submitted to the jury:

"Is the plaintiff the owner and entitled to the possession of the land described in the complaint?

"Did the defendant fraudulently procure the Sheriff of Cumberland to make him a deed for the land described in the complaint?"

The defendant objected to this issue as not raised by the pleadings, as irrelevant, as unnecessary and as calculated to mislead the jury. Objection overruled. Defendant excepted.

" Does the defendant wrongfully withhold possession of the forty-nine and one half acres described in the complaint?

" What damage, if any, has the plaintiff sustained?"

The plaintiff offered in evidence a deed from Jane D. Byrnes and others to Oren Bonds for one hundred acres, more or less, dated 19th March, 1872, the courses and distances of which were the same as those set out in the complaint, and plaintiff testified that the land described in said deed was the land in dispute.

The plaintiff offered in evidence the record of an action and judgment in the case of Granville Byrnes against the defendant.

Defendant objected, but, upon the plaintiff's counsel stating that it was offered for the purpose of showing the fraud as charged in the complaint, the objection was overruled, and the plaintiff excepted.

R. W. Hardie, a witness for the plaintiff, testified that he was Sheriff of Cumberland and tax-collector in 1876, and produced the tax-book kept as a record in the office, and from which the tax-list was made out. The land described in the complaint is in Gray's Creek township, but was in Rockfish township in 1876. This land is not on the tax-list, but the tax-lists in witness' hands as Sheriff were constantly added to.

Witness identified a paper offered as a deed which witness made to defendant R. W. Hardie, Sheriff, to Raiford Smith, with plot attached, for ninety nine acres, containing the same description as the land described in the.complaint, less one acre, dated November 28th, 1878.

Plaintiff's counsel stated that this deed was offered for the purpose of attacking and for the purpose of estopping the defendant.

Oren Bonds, the plaintiff, testified, in his own behalf, that he bought the land in controversy from J. T. Byrnes and others, as appeared from the deed which is already in evidence; that he (plaintiff) was in possession of the land three months before he bought it, and remained in possession until 1875, when he left his father, Granville Bonds, or Burnes, in possession for him, and went to South Carolina, and was absent from North Carolina for ten years, and returned in 1885, about a year after the death of Granville Burnes, and, upon his return to North Carolina in 1885, plaintiff first heard of the sale of the land for taxes. Witness had paid for the land, and had promised to give his father (Granville) one-half of it when witness came back, but had given him no writings about it. The father was to hold the balance of the land for witness. He (Granville) lived and. died on the

upper end of the land. Defendant is in the possession of the lower end.

R. W. Hardie, being recalled for the plaintiff, produced a book which he testified was marked "Official copy of the tax-list for Rockfish township for 1876," showing thereon, under the head of "Unlisted," "Oren Bonds, 100 acres, valued at $200, and other taxables; tax due, $2.35."

Objected to by defendant. Objection overruled. Defendant excepted.

No property was listed in the name of Granville Bonds. There was some conflict as to whether his name was Bonds or Burnes.

Much testimony was introduced by plaintiff to show the payment of the taxes, and the twent-five per cent. premium.

Objection to proving the contents of some lost tax receipts was overruled. Defendant excepted.

The plaintiff rested, and defendant offered no testimony.

The defendant's counsel presented no prayer for instruction in writing, but contended, in his argument that plaintiff could not recover, because he had not proven title out of the State and relied solely on his deed from Byrnes, of March 19, 1872. And further, that, according to the evidence, the defendant had been in possession for more than seven years before the action was brought, under color of title, the deed from Hardie to defendant. Defendant's counsel further contended that plaintiff had failed to prove that the deed was procured by fraud from Hardie, Sheriff.

The Court, after telling the jury the nature of the action, and the plaintiff's claim of title in himself, under the deed from Byrnes, and the admission of possession by defendant, and his claim to hold it of right, continued:

" The plaintiff offers, for the purpose of showing to you the title under which defendant claims, a tax deed from Sheriff Hardie to defendant for the land described in the complaint, except one acre, and as the defendant has offered no testi-

mony, you will be warranted in finding that the defendant claims title under the deed; then the plaintiff offers testimony tending to prove that the deed to defendant was made by the Sheriff on a sale for taxes of the land as the property of the plaintiff. If the land was sold by the Sheriff as the property of plaintiff, and bought by defendant, the defendant claims under the title of plaintiff, and it is not necessary for the plaintiff to show title out of the State. If you have not been satisfied by the evidence that defendant bought the land as plaintiff's land, you will respond to the first issue No. But if the defendant's deed for the land was on a sale of plaintiff's land for taxes, you will proceed to examine and respond to the issues; and as the second issue seems to be the main one, you may consider it first."

On this issue the Court instructed the jury that if the defendant bought plaintiff's land at a tax sale, and before a year after the sale had expired, received from those representing the plaintiff the amount paid by him (defendant), with twenty-five per cent. additional, and afterwards procured from the Sheriff a deed for the land to himself, it was a fraudulent act, and their response would be Yes; that the burden was upon the plaintiff to satisfy them of the truth of this allegation

The Court then proceeded to say: "If you think it was a fraudulent sale, the plaintiff offers testimony tending to show that he never knew of the fraud until a short time before he brought his action; that he was out of the State, and had left Granville Burnes in possession, and when he learned that defendant had been in possession, he came home and brought his action—coming home in 1885 and bringing this action in April, 1886." If this is so, defendant would not have had possession under color of title, and the Court read sec. 155 subsec. 9 of *The Code.*

The plaintiff excepted to the charge, "that as the defendant introduced no evidence, the jury would be warranted in

finding that the defendant claimed under the deed from Hardie, Sheriff, for taxes as read by the plaintiff, and in that case the plaintiff is not required to prove title out of the State." But this was not the charge given by the Court, as will be seen by reference to the charge as given above.

The defendant excepted to the Court telling the jury " that the second issue was the main one for them to try, and that they had better consider it first."

The defendant excepted to the charge of the Court, " that the plaintiff testified he was absent from the State for ten years—from 1875 to 1885—and that it was only upon his return in 1885 that he found out about the sale and deed ;" and then stated, if that is so, the defendant would not have had possession under color of title, and the Court read section 155, subsec. 9, of *The Code.* ·Defendant excepted to this part of the charge, and contended that the section referred to had no application to the facts of this case. There was a verdict for plaintiff.

Defendant moved for new trial for errors in (1) rejecting evidence, (2) in refusing to charge as requested, (3) to the charge as given. Motion overruled. Defendant appealed.

*Mr. R. P. Buxton,* for plaintiff.
*Mr. N. W. Ray,* for defendant.

AVERY, J.—after stating the facts: The plaintiff alleges in his complaint that his father, Granville Bonds, was left in charge as his tenant of the whole one hundred acre tract, when the former left the State in the latter part of the year 1875, it being verbally agreed between them that his father should take all of the rents of said land in consideration of paying the taxes during the son's absence. He further declares that subsequently, during the year 1876, his father, by collusion with the defendant Smith, permitted the land to be

sold for the taxes of that year, and though the full amount of said tax, with twenty-five *per centum* thereon in addition, was repaid to said Smith by Granville Bonds within a year from the time of his purchase, still the said Smith fraudulently induced the Sheriff (Hardie) to make to him, after the lapse of the year from the time of sale, title to the said one hundred acre tract, save one acre, in accordance with the statute then in force in reference to the collection of taxes.· The plaintiff further charges that Granville Bonds, while he (plaintiff) was still absent from the State, brought suit against said Smith in his own name to recover possession and title of said land, and by an arrangement made without the knowledge or approval of the plaintiff, compromised said action, the said Smith executing to said Granville a deed for forty-nine and a half acres of the land, and retaining, through his tenant, the defendant Inman, possession of the residue of the tract, claiming title to it under the said deed from Hardie, Sheriff.   The defendant admits the purchase at " a regular Sheriff's sale in the year 1876," and that he claims under a Sheriff's deed, but denies that the amount of tax was repaid to him till the action was brought by Granville Bonds more than a year after the sale.   The defendant further denies that he obtained possession of the land from Granville Bonds, or the deed from the Sheriff, or compromised said suit, by making the said conveyance in pursuance of any arrangement or under any collusive agreement with said Bonds.

We think that there is a sufficient allegation of fraud, but if the complaint were not so full and distinct as it is, the denial of collusion in the answer shows that the defendant comprehended the nature of the action, and the doctrine of aider would be brought to bear for the plaintiff's benefit. *Garrett* v. *Trotter*, 65 N. C., 430 ; *Knowles* v. *Railroad*, 102 N. C., 59.   The objection, that the issue involving the question, whether the defendant fraudulently procured the Sheriff

to execute a deed to him, was not raised by the pleadings, is untenable.  The defendant admits, either in terms or constructively, by failure to deny, that he bought the land when sold as the property of the plaintiff for taxes, and that he went into possession under that deed, and subsequently conveyed to Granville Bonds the upper half of the tract. The jury find that the deed was procured from the Sheriff by fraud, and we can place no other construction upon the finding, than that the defendant Smith, having received the amount of tax due, with the *per centum* prescribed by law, from the plaintiff's agent, still procured the Sheriff, by fraud, to make him a deed, and entered into possession under that deed, but subsequently conveyed to plaintiff's agent, in his own right, a portion of the land in consideration of the money paid, as the defendant knew, in the capacity of agent for the plaintiff.

Where one enters into possession of the land as tenant of another, not only the tenant but his sub-lessors are estopped from denying the title of his landlord or those holding the fee through the lessor until the possession is surrendered to the landlord and an entry is made under some other title. *Conwell* v. *Mann*, 100 N. C., 234; *Freeman* v. *Heath*, 13 Ired., 498; *Sikes* v. *Basnight*, 2 Dev. & Bat., 157; Buswell L. & A. P., §§ 304 and 308; Wood on Lim., § 265.

Where one acquires pretended title or possession of land, or both, by collusion, or a fraudulent compromise with another, whom he knows to be holding as an agent or tenant, the former is considered in privity with the latter and with his landlord, and is estopped, just as the agent or tenant would have been, from denying the title of the principal, or landlord, till after a surrender of the possession and an entry in some other right.　*Springs* v. *Schenck*, 99 N. C., 551; *Farmer* v. *Pickens*, 83 N. C., 549; *Pate* v. *Turner*, 94 N. C., 47; *Davis* v. *Davis*, 83 N. C., 71; Angell on Lim.,

§§ 442 to 446   The statute of limitation does not operate as a bar therefor in favor of the defendant Smith, because he stood in the shoes of Granville Bonds, and his mouth was effectually stopped from denying the title of plaintiff.   His possession was not adverse, but in subordination to the plaintiff's title.

It constitutes no ground of exception if it be admitted that it was unnecessary to submit both the first and second issues.   The defendant has not shown that the Court failed, when requested by him, to present to the jury, through medium of some issue, any view of the law applicable to the evidence in this case.   *Emery* v. *Railroad*, 102 N. C., 209; *McAdoo* v. *Railroad*, 105 N. C., 140.

The equivocal denial of the allegation as to the nature of the deed is an admission of its truth.   But apart from that principle, it is a universal rule that where a deed is attacked for fraud, recitations contained in it may be shown to be false, as it may be proved that others, which should have been inserted, were omitted, if such evidence tends in any way to establish the alleged fraud.   *McLeod* v. *Bullard*, 84 N. C., 515; *Knight* v. *Houghtalling*, 85 N. C., 17.

On the trial of an issue of fraud, the range of the testimony is often necessarily very wide, and we do not think that his Honor erred in admitting as relevant to the second issue the record of the action brought by the plaintiff's agent claiming in his own right the land of his principal, and showing the compromise made by him with the defendant.

A witness for the plaintiff testified that he delivered to George M. Rose, the attorney of Granville Bonds, certain receipts, showing the payment of tax on the land by Granville Bonds to the defendant Smith, and the time of the payment, which receipts are admitted to be relevant testimony, if before the Court and properly identified.   The witness got the receipts from Granville Bonds, who has

since died. Mr. Rose testified that he could not find the receipts, and thought he delivered them to Granville Bonds, but was not certain. It was in evidence that the receipts could not be found among the papers of Granville Bonds. We do not think that his Honor erred in admitting evidence of the contents of the receipts. *Mobley* v. *Watts*, 98 N. C., 284; *Clifton* v. *Fort*, 98 N. C., 173; *Mauney* v. *Crowell*, 84 N. C., 314. This Court would assume, when nothing appeared to the contrary, that the Court below admitted secondary evidence as to the contents of receipts, or other documents, after hearing plenary proof of the loss of the originals. It is always within the sound discretion of the Judge who tries a case to determine what is sufficient proof of the loss or destruction of an original paper to make evidence of its contents competent. 1 Greenleaf, § 558; Ibid., § 509.

A plaintiff must generally show title good against the world, while a defendant can ordinarily prevent his recovery by showing a better outstanding title in any person. But it is an old and well established rule, adopted originally for convenience in the trial of actions of ejectment, that where both parties claim title under the same person, neither will be allowed to deny that such person had title. While a defendant in such cases may set up a title superior to him through whom both claim as the common source, provided he connects himself with it, he is not allowed, as in other cases, to show a better title than that of the plaintiff in a third person. *Whissenhunt* v. *Jones*, 78 N. C., 362; *Ives* v. *Sawyer*, 4 Dev. & Bat., 52; *Barwick* v. *Wood*, 3 Jones, 306; *Caldwell* v. *Neely*, 81 N. C., 114. Where the plaintiff shows from the deeds offered, or the admissions in the pleadings, that both claim from a common source, he is required only to exhibit a better title in himself derived from it than that of the defendant, in order to establish *prima facie* his right

of recovery. *Spivey* v. *Jones*, 82 N. C., 179; *Mobley* v. *Griffin*, 104 N. C., 112.

The defendant does not deny the allegation of the complaint, that the Sheriff sold for tax due from the plaintiff; that he bought at said sale the interest of the plaintiff, and took the Sheriff's deed for it. He cannot, therefore, avoid being subjected to the rule by reason of omitting the necessary recitals in his deed if the fact of his purchase for tax due from the plaintiff sufficiently appears *aliunde.* It does appear, from the pleadings and evidence, that he claims under a tax title for the plaintiff's interest, and if that deed is shown to be fraudulent and void, there is no further obstacle in the way of plaintiff's recovery. We have held that the defendant claiming title and possession by fraud under one who was himself estopped from denying the plaintiff's title, will not be heard to set up a claim by adverse possession against him. We have not deemed it necessary, as the defendant did not hold adversely, to determine whether the plaintiff, though out of the State, would have been deemed to have had constructive notice of his claim if the defendant had entered under a fraudulent deed, but free from the estoppel arising out of his relations to Granville Bonds.

There is no error.                    Judgment affirmed.