J. N. GILLIS v. WILMINGTON, ONSLOW AND EAST CAROLINA
RAILROAD COMPANY.

*Evidence, Secondary—Lost Instruments—" Diligent Search "—
Agency.*

1. Whether the loss of an instrument is sufficiently proved to admit
   secondary evidence of its contents is not a question for the jury,
   but is left to the sound discretion of the Court.

2. If the finding of the trial Court upon the question of the loss and
   diligent search for the instrument is general, the appellate Court
   will assume that it acted upon plenary proof of those facts; but
   where the facts are set out the conclusion of the Court below
   thereon may be reviewed.

3. Where the proof of diligent search for the lost instrument is suffi-
   cient to satisfy a reasonable person, the decision of the trial
   Judge to admit secondary evidence of its contents is not review-
   able.

4. When secondary testimony is admitted it should be clear and con-
   vincing that the instrument once existed, and that its contents
   supported the allegations in aid of which it is invoked.

5. Whether there has been diligent search for the alleged lost instru-
   ment depends very much upon the nature of the document—a
   more rigid rule prevailing in res ect of records and deeds than
   letters and papers of less importance.

6. It is not within the scope of the authority of a chief engineer of a
   railway company to enter into contracts, on behalf of his
   employer with subordinate agents or servants in respect to their
   wages.

This was a CIVIL ACTION, for damages for breach of con-
tract, tried before *MacRae, J.,* at November Term, 1890, of
CUMBERLAND Superior Court.

The single issue submitted, with the response thereto, was
as follows:

"Is the defendant indebted to the plaintiff as alleged; if
so, in what sum? Answer. The defendant is indebted $275."

Rule for new trial for errors alleged as to admission of
testimony and upon the following exceptions to the charge:

The defendant excepted to his Honor's charge—

1. For that his Honor assumed in said charge that there was sufficient evidence of the search of the plaintiff for the alleged letters containing the alleged contract, and their loss, to justify the admission of secondary evidence of contents, although the plaintiff said he himself had destroyed them, or might have destroyed them, and afterwards said "they may have been destroyed; I don't know."

2. For that his Honor charged that "if the (secondary) testimony satisfied the jury that Mr. Lamb was the chief engineer of the defendant and wrote to plaintiff and offered him $60 per month and board for one year for his work, and that plaintiff accepted this offer and went to work, the jury would be warranted in finding that there was a contract in writing as required by the statute," thus assuming that because he was chief engineer he was "authorized thereto," and did not advert to the fact, sworn to by Lamb, that he had no authority to make such a contract as is required by statute, which was the *only* evidence as to his authority.

3. For that his Honor charged the jury that "if the testimony satisfied them that Mr. Lamb was chief engineer of the defendant and wrote to plaintiff and offered him $60 per month and board for one year for his work, and that plaintiff accepted this offer and went to work, the jury would be warranted in finding that there was a contract in writing as required by the statute," and did not charge the jury, as requested, that they must be clearly satisfied by more than a preponderance of testimony that said Lamb did write to the plaintiff making said offer, and that said offer was accepted by plaintiff, and said correspondence was lost or destroyed—before they could find a verdict for plaintiff.

Motion denied; judgment, from which defendant appealed. The other material facts are stated in the opinion.

*Mr. T. H. Sutton*, for plaintiff.
*Mr. A. M. Waddell*, for defendant.

AVERY, J.: It is within the sound discretion of the Court to determine what is sufficient evidence of the loss or destruction of an original paper to make testimony as to its contents competent, and this Court will assume, where nothing appears to the contrary, that the Court below acted, in admitting secondary evidence to show the words or substance of the instrument, upon plenary proof that a sufficiently diligent but fruitless search was made, and that there was no testimony tending to show that it was fraudulently destroyed or withheld by the party proposing to prove its contents. *Bonds* v. *Smith*, 106 N. C., 564; 1 Wharton on Ev., § 141; 1 Greenleaf on Ev., § 558; 1 Taylor on Ev., § 22. Mr. Greenleaf says: "The question whether the loss of the instrument is sufficiently proved to admit secondary evidence of its contents is to be determined by the Court and not by the jury."

Taylor says: "In like manner, if the question be whether a document has been duly executed or stamped, or whether it comes from the right custody, whether sufficient search has been made for it to admit secondary evidence of its contents, etc., * * * in all these, and the like cases, the preliminary question of admissibility must, in the first instance, be exclusively decided by the Judge, however complicated the circumstances may be, and though it may be necessary to weigh the conflicting testimony of numerous witnesses in order to arrive at a just conclusion."

In *Mauney* v. *Crowell*, 84 N. C., 314, it was held that a general finding by the Judge, without setting out the testimony, that no sufficient search had been made, would have been conclusive, thus recognizing the discretionary power of the Court.

But where the facts upon which the *nisi prius* Judge acted are found, it is competent for this Court to review his

ruling, and determine whether the testimony was sufficient in law to justify his conclusion. The degree of diligence that must be shown depends largely upon the nature and circumstances of the case, and especially upon the character of the paper, as a useless document may be presumed to have been lost or destroyed, on proof of much less search and for a much shorter time than an important one. Best's Ev., § 482; 1 Wharton on Ev., § 140. As a rule, it is expected that deeds and records that are evidence of title will be more carefully kept than letters or papers which may or may not become material as testimony tending to establish one's rights. In *Gathercole* v. *Miall*, 15 M. & W., 335, Alderson, B., says: " The question whether there has been a loss and whether there has been sufficient search, must depend very much on the nature of the instrument searched for. If we were speaking of an envelope in which a letter had been received, and a person said, ' I have searched for it among my papers, I cannot find it,' surely that would be sufficient. So with respect to an old newspaper which had been at a public coffee-room; if the party who kept the public coffee-room had searched for it where he would naturally find it, that seems to me to be amply sufficient. If he had said, ' I know it was taken away by A. B.,' then you ought to go to A. B." But he concluded, " It would be very unreasonable to require you to go to every member of the club."

Where a reasonable person might be satisfied, from the testimony offered, that an effort had been made in good faith to find and produce a letter, the decision of the trial Judge to admit proof of its contents is not reviewable in the appellate Court. Best Ev., p. 451. "The object in offering the proof is to establish a reasonable presumption of the loss of the instrument, and this is a preliminary inquiry addressed to the discretion of the Judge." 1 Greenleaf Ev., § 558.

The first exception is stated in the record as follows:

" The plaintiff· resumed and testified: 'Richard Lamb said he was chief engineer of defendant, and he was acting as such, and I got this letter from him. I got other letters from him before I went there. I have lost them. I have made search for them; have looked over my trunk. I had changed about so much till I could not find them. I reckon I lost them.' "

Plaintiff was cross-examined upon this point, and testified: "I kept them in my trunk, and sometimes in my wife's trunk. We would change them about, and sometimes when we got too many letters we would destroy them. These letters may have been destroyed. I·don't know."

The defendant objected to plaintiff testifying as to the contents of the letters. The Court, being of.opinion that the witness had laid the foundation for the offer of secondary. evidence by his testimony of the loss or destruction of the papers, permitted the plaintiff to testify as to their contents, and defendant excepted.

We do not think, when it appears·that the plaintiff usually kept his letters in his trunk and searched for them there without finding them, that the Judge was in error in allowing him to testify as to the contents merely because he said that *sometimes* the letters were changed into his wife's trunk, and it did not appear that it had also been examined, nor because the witness said, in his examination in chief, ·"I reckon I lost them," and on his cross-examination, "These letters may have been destroyed; I don't know." We think that his Honor was warranted in drawing the inference that the letter had been lost or destroyed, and in either event its contents could be proven by parol. It is not essential that the testimony should have excluded the possibility that the letter was still in existence, as it was not necessary, in the case already cited, that every member of a club who had privilege of reading or carrying off a newspaper should be offered to negative the possibility that he had it in his pos-

session. In the case of *Mauney* v. *Crowell, supra,* it was declared error to exclude a copy of an original contract to sell land, which had been shown to have been lost, because it did not appear that the registry of the county in which the law required it to be registered had been examined.

In passing upon the evidence as to the preliminary question, the Judge is not required to find that there is clear and satisfactory proof that a paper has been lost or destroyed before admitting testimony to show its contents. In *Fisher* v. *Carroll,* 6 Ired. Eq., 488, Judge PEARSON, speaking of a case where the *execution* and *contents* of *an alleged* lost note were denied, said: "In such a case, although equity would not refuse to consider the mere affidavit as *sufficient to account for not producing the original note, the strictest and clearest* proof of *the execution* and *contents* would be required." See also *Mobley* v. *Watts,* 98 N. C., 284, and *Clifton* v. *Fort,* 98 N. C., 178. It is settled by a line of authorities that, although the loss of a deed or paper relied on to prove a contract may have been sufficiently shown to justify the Judge in admitting secondary evidence, such testimony must amount to clear and convincing proof that the deed or paper embodying the contract once existed, and that its contents were such as to sustain the material allegations of the complaint or answer in support of which they are offered. *Loftin* v *Loftin,* 96 N. C., 94; *Fisher* v. *Carroll, supra.* We think, therefore, that there was error in refusing to give the third instruction prayed for, for which a new trial must be granted.

While it is unnecessary to pass upon the question raised by the second exception, it may be well to add that it would not follow from the fact that Lamb was chief engineer that it was within the scope of his authority to make contracts with subordinate managers employed in grading the road-bed, and the laborers under them, in reference to wages. Wood's R. L., page 446, and note 2. There was no testimony offered

as to the nature or extent of his authority, or tending to show a ratification of his agreement with the plaintiff by the corporation.

SHEPHERD, J.—concurring as to the conclusion and dissenting as to parts of the opinion: I concur in the disposition made of this appeal, but I do not agree to the suggestion that what constitutes a diligent and reasonable search for an alleged lost paper-writing is in any case within the sole discretion of the trial Judge and that his ruling is conclusive upon that question. If such be the law, it would be exceedingly difficult to account for the numerous decisions of appellate Courts in the text-books and in our own Reports upon this important subject. The authorities cited do not, in my opinion, sustain such a principle, but on the contrary establish the very opposite view. When the testimony relating to the particulars of the search is conflicting, it is the duty of the Court, upon the request of the objecting party, to find the facts, and if no such request is made that aspect of the testimony which is most favorable to the other party will be taken by this Court in passing upon the ruling of the trial Judge. *Holden* v. *Purefoy*, decided at this term.

The findings as to the facts are conclusive, but the legal inferences are reviewable.

Neither do I agree that a diligent search was made in the present case and that oral testimony should have been admitted. Mr. Greenleaf (vol. 1, § 558) says, "that the evidence must show that a *bona fide* and diligent search has been unsuccessfully made (for the lost instrument) *in the place where it is most likely to be found* if the nature of the case admits of such proof." The party must "exhaust in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him." *Ibid., Dumas* v. *Powell,* 3 Dev., 103; *Murphy* v. *McNiel,* 2 D. & B., 244;

*Harper* v. *Hancock,* 6 Ired., 124; *Threadgill* v. *White,* 11 Ired., 591; *McCracken* v. *McCrary,* 5 Jones, 399. The foregoing cases and many others to be found in our Reports, exemplify in a high degree the very strict application by this Court of the general principle above stated.

So far from the witness in this case having exhausted all of his sources of information, his examination reveals the two depositories of these very letters, and yet he has examined but one of them. He says, "I kept them in my trunk and sometimes in my wife's trunk;" that is to say, either in one trunk or the other, and it is but fair to assume in the absence of an examination that the letters were in his wife's trunk at the time of the trial. It does seem very clear to me that there has been no such diligent search as is required by the law and that if oral testimony can be substituted for contractural writings under such circumstances, the rule as to the primariness of documentary evidence will be practically abrogated.

If, as in *Davidson* v. *Norment,* 5 Ired., 555, a party was required to go to another State and get his deed, it would seem but reasonable that this witness should have taken a few steps, presumably in his own house, and looked into his wife's trunk for the letters in question. The case cited from 3 Dev., *supra,* also illustrates the great particularity of the Court in applying this most salutary rule of practice.

When contracts have been reduced to writing, there is an implied agreement between the parties, which the law recognizes and enforces, that such contracts shall only be proved by the selected medium of proof, and the "slippery memory of witnesses" should never be substituted, except upon the most imperative demands of necessity and justice.

As to the intensity of proof, I have never understood that in the case of a writing evidencing a purely simple contract, where the writing is lost or destroyed, and there is no evidence of fraudulent suppression or spoliation, a party is com-

pelled, in a Court of law, to establish its contents by the same degree of proof as is required in equity where lost bonds and other deeds are sought to be set up or corrected, as in the cases cited. The degree of proof mentioned is only applied in cases of equitable cognizance. See discussion in *Harding v. Long,* 103 N. C., 7.

CLARK, J.—dissenting: Agreeing in the conclusion reached, I cannot concur with so much of the opinion as holds that such sufficient search had been made for the missing documents as would admit of parol evidence of their contents. The Judge, in this case, having set out the facts, his conclusion thereon was one of law, and subject to review. There were two depositories, in both of which the papers were sometimes kept, and, I think, it was error to admit parol proof of their contents, unless it had been shown that, after search in both the trunks, the papers could not be found.

*Per Curiam.*                                        Error.