ELLEN TURNER and MARY A. TURNER v. T. R. WILLIAMS. et al.

*Possession—Deed—Color of Title.*

In a deed conveying a tract of land the grantor reserved to himself the
right to manage the entire farm and make such changes or improve-
ments upon the buildings as he chose, so that it did not deprive
the grantee of a home, and remained on the land erecting buildings
and collecting rents, a portion of which he paid to the grantee,
who also resided on the premises : *Held* (1). that such possession was
not adverse to the grantee ; (2) that the possession of the grantor
being that of the grantee, it was sufficient, if continued for the
statutory period, to ripen a color of title under an unregistered
deed and maintain an action for the recovery of possession against
a subsequent purchaser from the grantor.

CIVIL ACTION, tried before *MacRae, J.*, at Special (Septem-
ber, 1890), Term of ALAMANCE Superior Court.

There was judgment for defendants, and plaintiffs appealed.
The case is stated in the opinion.

*Mr. J. A. Long*, for plaintiffs.
*Mr. Junius Parker*, for defendants.

AVERY, J.: The action was brought for title and possession
of land. The plaintiffs offered a deed executed by David
Turner and wife on the 4th of March, 1878, conveying to
them for life a tract of land described therein as " the lands of
the late Charles Turner, on which they now live." The deed
had not been registered, and the defendants objected to its
introduction, and excepted to the ruling of the Court that
it was competent to show possession under it as color of title.
An unregistered deed is admissible for the purpose of show-
ing possession under it for the statutory period necessary to
mature title. *Avent* v. *Arrington*, 105 N. C., 389; *Hunter* v.
*Kelly*, 92 N. C., 285.

The grantor, David Turner, inserted a reservation in the deed in the following words: "The said David Turner reserves to himself the right to manage the entire farm, make such changes or improvments upon the buildings as he may choose, so as it does not deprive the said Ellen and Mary (the grantees) of a home as provided herein."

The Court charged the jury as follows:

"The plaintiffs offer an unregistered deed, which was admitted to enable them to show possession under it for seven years, if they could. I think, upon the plaintiffs' own testimony, they have failed to show possession of any part of the land, except the house, lot and garden, which defendants admit they have the right to hold for their lives, and which, according to the testimony, is in possession of the plaintiffs, and, therefore, the unregistered deed cannot operate as color of title You should then respond to the first issue, Yes, to the house, lot and garden where the plaintiffs live, and to the second issue, No."

The exception to this instruction raises the only point for our consideration on this appeal.

It was in evidence and admitted by the parties that David Turner did build a house on the place about ten or twelve years before the trial (between 1878 and 1880). The defendant Williams bought the Charles Turner farm from David Turner in 1888, and moved immediately into the house built by Turner on the land, and since that time has withheld the possession of the whole tract, except the house, lot and garden from the plaintiffs.

One of the plaintiffs, Mary Turner, testified that she had lived on the land and received rents from David Turner from the date of the unregistered deed up to the time when he sold the place to the defendant, and that her brother David had collected the rents and paid them over to plaintiffs during that period. It is true that there was contradictory testimony offered by the defendant; but if David Turner paid

rent to the plaintiffs, his possession was not adverse to them, but their possession was adverse to the whole world, and extended, constructively, to the boundaries of the tract of land known as "the lands of the late Charles Turner, on which they live." *McLean* v. *Smith*, 106 N. C., 172. It would seem, too, that if David Turner did not, in fact, pay them rent, his occupation would not be considered adverse, because in the deed he had reserved the right as remainderman to manage the entire farm, make improvements upon the buildings, and, in short, to do anything to the land or buildings that would not deprive them of a *home as provided herein.* The home for which provision was made covered the lands of the late Charles Turner, on which plaintiffs lived, if the boundaries could be identified and established. While the plaintiffs were guilty of *laches* in failing to offer the conveyance through which David Turner claimed as the purchaser of Charles Turner's land, or the conveyance through which Charles Turner claimed, and to offer parol evidence to show that the land claimed by them was within the description or boundaries of such deed (even if a survey had been necesary to locate the lines), it does appear in evidence, wherever the outside limits of the tract may be, that the house built by David Turner and occupied by the defendant afterwards, is situate upon it, and, therefore, if the plaintiffs were the owners of the Charles Turner lands when the action was brought, the defendant was a trespasser. *Mobley* v. *Griffin*, 104 N C., 112.

Both parties claim under David Turner and, therefore, it was not necessary to show title out of the State, and if the possession of David Turner was in subordination and not adverse to that of the plaintiffs, their title to the Charles Turner lands would have ripened by possession within seven years, and they had occupied it, claiming under the deed, ten years before Williams entered. *Bonds* v. *Smith*, 106 N. C., 553; *Ruffin* v. *Overby*, 105 N. C., 78.

As the testimony tended to show that the house occupied by Williams was on that tract the Judge erred in instructing the jury that the plaintiff could not recover possession of that house also. Unless the boundaries should, on a future trial, be identified, we cannot see how they can expect, in any event, to recover rents for the land claimed to be within the boundaries of their deed, but not shown to be included.

There is error, and a new trial must be granted.

Error.