Mrs. MAGGIE L. HENDON v. THE NORTH CAROLINA R. R. CO.

(Decided October 31, 1899.)

*Stockholder—Lost Certificate of Stock—Issue—Remedy,
Acts 1885, Chap. 265.*

1. Where a stockholder in an incorporated company loses his certificate of stock and sues his company for a reissue and the allegation of loss is denied, an issue of fact is raised for trial by jury, and it must be submitted to them.

2. Upon the question of evidence as to the contents of the lost paper, the Court will have to pass upon the preliminary question, whether there is a sufficient *prima facie* case of loss to let in proof of contents, leaving to the jury the issue of fact as to the loss of the paper and its contents.

3. The Act of 1885, chap. 265, relative to the reissue of stock to supply lost certificates, applies to all incorporated companies, and interferes with the chartered rights of none.

CIVIL ACTION demanding the issue of a duplicate certificate of stock in the defendant corporation to replace one owned and lost by plaintiff, tried before *Bryan, J.,* at March Term, 1899, of Superior Court of DURHAM County.

The complaint alleged that the plaintiff was the owner of 2 shares of stock in the defendant company, for which scrip had been regularly issued to her, and which she had never transferred to any one, but that it had become lost in 1874, and could not be found after diligent search; that she had always been recognized as the owner of 2 shares, and had received all dividends declared thereon. Judgment was prayed that defendant be required to issue and deliver to her a duplicate certificate for 2 shares of stock.

The answer admitted that the plaintiff was the owner of 2 shares of stock in the company, and had been paid all

the dividends declared, but required that she be held to strict proof as to the loss.    The defense was also made that defendant's charter contained no provision for issuing duplicate certificates of stock to supply the loss of the original; also, that no bond of indemnity had been tendered by the plaintiff, in accordance with Acts of 1885, chap. 265.

The defendant insisted that whether the certificate of stock was lost was an issue of fact to be found by the jury, and asked his Honor to submit an issue to the jury, whether or not said certificate had been lost.

His Honor held that it was not an issue of fact proper to be found by a jury, and refused to submit such an issue. The defendant excepted.

His Honor thereupon heard and passed upon the evidence of plaintiff relating to the loss of the certificate, and the unsuccessful efforts made to find it.

The defendant offered in evidence its charter, passed on January 27, 1849; it was conceded that it contained no provision authorizing the issue of duplicate certificates of stock, and the defendant contended it had no such authority, and that the Court could not require it to be done, by virtue of any subsequent legislation.    His Honor ruled otherwise, and defendant excepted.

The following judgment was rendered by the Court:

*Judgment.*

This action coming on to be heard before his Honor Henry R. Bryan, Judge presiding, and it appearing from the pleadings on file that the defendant admits that the plaintiff is now and has been for more than twenty-five years a stockholder of record of the defendant company, holding 2 shares of its capital stock; and it further appearing from the said answer that the defendant has paid all dividends declared upon its

stock to the plaintiff, and it being now proven to the satisfaction of the Court that said certificate of 2 shares of stock issued to and standing in the name of plaintiff has been lost, and can not, after diligent search, be found, and that the same has been lost or destroyed for more than twenty years, and the contents of the said lost or destroyed certificate being admitted in open court, it is now considered by the Court that the loss of said certificate of stock has been sufficiently proven by the plaintiff; it is further considered, ordered and adjudged that the plaintiff execute and deliver to the defendant a good and sufficient justified bond in the sum of $400, with sureties approved by the Clerk of this court, indemnifying the defendant against loss for the issue to the plaintiff of a duplicate certificate for said 2 shares of stock, and upon the approval of said bond by the Clerk of this court, the said bond shall be delivered to the defendant, and thereupon it is ordered and decreed that the defendant shall issue in the name of the plaintiff a duplicate certificate of 2 shares of stock, executed as required by the by-laws of said company, which said duplicate certificate of stock shall be held as an escrow by the treasurer of the defendant company for the term of 5 years from the time of the issuing of the said duplicate certificate, and at the expiration of said term of 5 years, the said company shall, through its treasurer, deliver to the plaintiff, her heirs, administrators, executors or assigns the said duplicate certificate, and the original certificate shall be null and void against the defendant; it is further ordered that the defendant shall pay the costs of this action.　　　　　　　　HENRY R. BRYAN,

*Judge Presiding.*

From which judgment the defendant appealed to the Supreme Court.

*Messrs. Cook & Green,* for appellant.
*Messrs. Manning & Foushee,* for appellee.

CLARK, J. This was an action alleging loss of a certificate for 2 shares of stock in the defendant company, and asking for reissue of the certificate for the same. The allegation of loss was the basis of the plaintiff's action, and being denied in the answer, the issue of fact thus raised should have been submitted to the jury.

In the course of a trial when evidence to prove an alleged fact is primarily in writing, and secondary evidence is offered upon the ground that such writing has been lost or destroyed, it is for the Court to find the question of fact, whether the loss or destruction of the writing has been sufficiently proven to admit oral evidence of the contents. *Gillis v. Railroad Co.,* 108 N. C., 441; *Bonds v. Smith,* 106 N. C., 564; 1 Greenleaf Ev., 558.

But in those cases, unlike the present, the loss of the paper was not alleged in the complaint as a ground for its re-execution and denied in the answer. In *Ellison v. Rix,* 85 N. C., 77, the loss of the note was averred in the complaint and denied in the answer, but the action being only for recovery of the debt evidenced by it, and not for the re-execution of the note, it was held that such averment and denial raised only a preliminary question of fact for the Court, and not an issuable fact for the jury.

In the present case the re-execution of the certificate being the relief sought, the averment and denial of its loss raised an issue for the jury. Upon the trial, however, upon evidence being offered as to the contents of the lost paper, the Court will have to pass upon the preliminary question whether there is a sufficient *prima facie* case of loss to let in proof of contents, leaving still to the jury the decision of

the fact whether there was a loss of the paper, and its contents; otherwise, two trials would be necessary, one to find whether the paper has been lost, and afterwards (if found to be lost), a trial to find its contents. An analagous case is where the declarations or acts of an agent are offered in evidence; there the Court must find whether there is a *prima facie* case of agency established, leaving it still to the jury to find whether in fact there was an agency, and if so, the purport of the acts and declarations of the agent. *Johnson v. Prarie,* 91 N. C., 164, and cases there cited.

The judgment is in accordance with the provisions of chap. 265, Laws 1885. That act is in no wise an amendment to the charter of the defendant company, but a general provision applicable to all corporations, regulating the manner of issuing certificates where certificates of stock have been lost, and requiring indemnity bonds from the plaintiff, and permitting a retention of the reissued certificates by the company's treasurer for 5 years as further safeguard. Such act is in the nature of the general regulations prescribed by The Code, Vol I, chap. 49, and the act creating the Railroad Commission. which have been repeatedly held valid. *Railroad Co., v. Railroad Co.,* 104 N. C., 658; *Ex. Co. v. R. Co.,* 111 N. C., 463; *Mayo v. Tel. Co.,* 112 N. C., 343; *Commissioners v. Tel. Co.,* 113 N. C., 213; *Caldwell v. Wilson,* 121 N. C., 425.

Error.