Daniel, Judge,
 

 after stating the case shortly, proceeded : — As to the first ground, the plaintiff did not show, that it was out of his power to produce the original letter which he wrote to the witness Patterson. The sworn ■copy, as set forth in the deposition, was not then the best evidence of which the nature of the case admitted ; therefore the Court was right in rejecting it.
 

 The conversation between the plaintiff and the witness Patterson, at the time some money was paid him by the plaintiff on account of the oxen, relative to Patterson’s taking care of them, was not admissible. If it was intended "to be the conversation of the plaintiff, it was inadmissible as evidence, as no party to the record -can give his own declarations in evidence for himself. -If it was intended to be the declarations of Patterson, it was equally inadmissible, as they were not on oath, and the defendant had no opportunity to cross-examine ■him.
 

 As to the second ground, the defendant, to discredit Patterson, the plaintiff’s witness, and to show that the account given by him on oath was not correct, offered to prove a conversation between Patterson and a third person, wshen neither of the parties were present; in which conversation Patterson spoke of a sale of the oxen to one Locklear, under whom the defendant claimed. This evidence was objected ,to by the plaintiff, but admitted by the Court. We think it was properly admitted. The credit of a witness may be impeached either by cross-examination subject
 
 to
 
 certain rules; or by general evidence affecting his credit; or by evidence that he has before done or said that which is inconsistent with his evidence on the trial; or lastly, by contrary evidence as to the facts themselves. 1 Starkie’s Ev. 181. Patterson, the plaintiff's witness, had denied in his deposition, that he had, at any ■time, sold Locklear two steers. The defendant’s evidence was to prove that Patterson had said that he had sold the steers to Locklear. The evidence offered by the defendant
 
 *246
 
 for this purpose was admissible according to the above authority. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.