Ruffin, C. J.
 

 It is a well established exception to the general rule, which requires the production of the original, as the best evidence, that the loss or destruction of an original deed of conveyance, may be proved to the Court by the party to the suit, as a ground for letting in, to the jury, the secondary evidence of a copy or other inferior evidence. The cases, cited by the plaintiff’s counsel show, that the exception was early allowed in
 
 *127
 
 this State.
 
 Blanton
 
 v.
 
 Miller,
 
 l Hay. 4.
 
 Park
 
 v.
 
 Cochran,
 
 Ibid. 410.
 
 Nicholson
 
 v.
 
 Hilliard,
 
 2 Murp. 270. In the later case of
 
 Smith
 
 v.
 
 Wilson,
 
 l Dev. and Bat. 40, the principle of those cases was explained and fully recog-nised ; and, moreover, a decision by the Supreme Court of the United States cited, by which it appears probable, that the same exception is held to be law throughout this country.
 
 Taylor
 
 v.
 
 Riggs,
 
 1 Peters, 591. The registry laws, which prevail universally, we believe, in the United States, tend very much to diminish the danger of imposition under these decisions.
 

 But the Courts have never lost sight of the sound general rule, nor intended to relax it beyond the plain necessity of the case, or where it did not appear clear, that the higher evidence rvas not accessible to the party. Hence, the same old cases require, that the destruction or loss of the supposed deed should be proved by the oath of the person in whose custodjr it is to be presumed it is, and that the party to the suit should swear that he has it not in his power, and does not know where it is. Nothing less can raise a reasonable belief in the mind of the Judge, that the instrument is not in the party’s power ; that is to say, either in his possession, or that of some person from whom its production could be coerced. One person cannot swear for another, that he has not the deed. There are, here, three several demises, and the verdict is taken generally for the plaintiff; and only one of the lessors of the plaintiff, Harper, made an affidavit,, and he states, merely, that he never had the original deed, and does not know where it is. To the same effect is the statement of the attorney in fact of the other lessors. He can only say, that he was informed by his principals, that they did not know where it was, and that he believed from that information, that the deed was lost. But, although the witness may so believe upon such information, the Court cannot judicially declare it upon the strength of such declarations, inasmuch as they were
 
 *128
 
 not made on oath. The cases require that those persons
 
 should
 
 swear for themselves. But it would make no difference, oven if Harper’s were the only demise. It is true, inasmucb as the conveyance to him is with special warranty, that he is entitled to the original, and, therefore, presumed, in the first instance, to have it. His oath, consequently, is,
 
 prima facie,
 
 sufficient to prove the loss, as it is indispensable for that purpose. But when he swears, that in fact he did not receive it from the persons from whom he purchased, who had the right to the custody of it before him, the presumption then, remains, that those persons have it, until rebutted by their oaths. Therefore the Court agrees with his Honor, that the absence of the deed from Finley to Guthrie was not sufficiently accounted for; and the judgment must be affirmed.
 

 Pcr Curiam. Judgment affirmed.