This was an action of trespass vi et armis quare clausumfregit, brought by the plaintiff, as the Chairman of the County Court of Montgomery, to recover damages for the burning (237) of the courthouse of that county by the defendant's intestate. Pleas, the general issue, liberum tenementum
and license.
Upon the trial it was proved that the courthouse of Montgomery County was burnt on 31 March, 1843, between the hours of 9 and 12 o'clock at night, and testimony was then given tending to show that the act was done, or was procured to do done, by the defendant's intestate. The plaintiff then introduced a properly certified copy of a private act of the General Assembly, passed in 1815, for the purpose of removing the courthouse and other public buildings from the town of Henderson to some more suitable place. To that end certain persons were appointed commissioners, with authority to them, or a majority of them, to purchase fifty acres of land at the place which they might select, and they were then directed to lay off the land, so purchased, into town lots and make sale of them at public auction, retaining two acres for the use of the county, upon which it was made their duty to have a courthouse and other necessary public buildings erected; and they, or a majority of them, were further directed to make title in fee simple to the purchasers of the lots, and to execute a conveyance to the chairman of the County Court and his successors forever for the two acres reserved for the use of the public. Mr. Deberry was then called as a witness for the plaintiff and testified that he was one of the commissioners appointed in the act aforesaid; that the duties therein enjoined were performed, among which was that of causing to be erected the courthouse, for the burning of which this action was brought, and that the commissioners then *Page 177 
executed a deed for the land upon which it was built to Joseph Parsons, who was then the acting chairman of the County Court. He testified further that this deed was duly proved and registered, and then delivered to John B. Martin, the then clerk of the County Court, to be filed among the records of his office; but whether Joseph Parsons knew of the deed or not the witness could not tell. He stated that it was proved in (238) 1817, but at what term of the court in that year he could not recollect. Another witness testified that he succeeded Mr. Martin as clerk of the County Court, and that in 1839 or 1840 he saw a paper in the office endorsed, "A deed from Davidson and others, commissioners, to Joseph Parsons, chairman," and he thought that he had read it, but he could not state its contents. The plaintiff then proposed to prove by Mr. Deberry the contents of the said deed, but the testimony was objected to, on the ground that the loss of it had not been sufficiently accounted for, the presumption being that it was in the possession of Joseph Parsons or of the present plaintiff, and further that there was no affidavit by the plaintiff of its loss or destruction. The objection was overruled and the testimony received. It was then proved that the present plaintiff was appointed chairman of the County Court in 1841, and a record made of it, but this record, together with all the other records of the office, was destroyed in the conflagration of the courthouse. A witness called for that purpose testified that the courthouse could not have been rebuilt for less than $1,000, though it would not have sold for more than $200. Much more testimony was given, and several objections raised, which it is unnecessary to state, as they are not adverted to in the opinion of this Court.
The defendant's counsel contended that the plaintiff could not recover at all, but, if the could, the utmost extent of his damages would be $200. The court charged the jury that if they found a verdict for the plaintiff "the measure of his damage was not that for which courthouse would have sold, but the amount it would have taken to rebuild such a courthouse at that place as was destroyed." The jury returned a verdict for the plaintiff, assessing his damages to $1,250. A motion for a new trial was made and overruled, and from the judgment given against him the defendant appealed. (239)
The objection to the testimony of the witness who was offered to prove the contents of the deed from the *Page 178 
commissioners to Joseph Parsons was well founded and ought to have been sustained. The deed may possibly have been, and probably was, among the records of the County Court, and was destroyed by the fire which consumed the courthouse. Such, however, was not distinctly and sufficiently proved, and as the presumption was that the person who was entitled to the deed had it in his possession, he ought to have rebutted the presumption by proving that such was not the fact, which he was at liberty to have done by his own affidavit. In Harper v. Hancock,28 N.C. 124, the rule is so laid down, and the reasons upon which it is founded are fully stated. Nor is this affected by the act of 1846, ch. 68, for that only makes a registered copy of a deed evidence, without requiring the party who is entitled to the original to account for its nonproduction, but contains no provisions for proving the contents of the original deed by parol testimony. The charge of the court upon the question of damages was also erroneous. The proper measure in actions of this kind is the real value of the property destroyed, unless the trespass is committed wantonly or maliciously, when the jury may, if they think proper, give vindictive damages. Duncanv. Stalcup, 18 N.C. 440. It may be that this was a proper case for such damages, but whether they should have been given or not was a question which ought to have been (240) submitted, with proper instructions, to the jury.
The judgment of the Superior Court must be reversed and a new trial granted.
PER CURIAM. Judgment reversed.
Cited: Rippey v. Miller, 33 N.C. 25; Sowers v. Sowers, 87 N.C. 307;Remington v. Kirby, 120 N.C. 325.