Nash, J.
 

 This cause was tried at the Special Term of he Superior Court of Mecklenburg County, held in the
 
 *466
 
 Fall of 1846. The case, then, does not come under the operation of the Act of the General Assembly, passed at their Session begun in that year
 
 Ch.
 
 68.
 
 Sec.
 
 1, and the question is to be decided by the law, as it existed before the passage of that act. The admissibility of such secondary evidence, upon a proper case, is not denied, but it is denied that the plaintiff has entitled himself to it here. In the many cases, which have been from time to time, ruled in our Courts, the sound general rule, that the best evidence, which the nature of the case admits of, must be produced, has never been lost sight of, nor relaxed, beyond the manifest necessity of the case, and this necessity must be made clear to the court. The person, who claims the benefit of the exception, must swear, that the- higher evidence is not in his power and that he does not know where it is, and its destruction or loss must be proved by
 
 the person
 
 in whose custody, it is presumed by the law to be.
 
 Harper
 
 v.
 
 Handcock,
 
 6th Ire. 127. His Honor, who tried the cause, admitted the copies to be read, upon the presumption, that, in the absence of the proof to the contrary, the title deeds passed to Mrs Har-ven, the heir at law, and the husband was competent to make an affidavit, to account for the non-production of the originals. Without deciding this question, the objection is as to the sufficiency of the affidavit itself, under the circumstances. The case does not profess to set forth the affidavit itself, but its contents. It states, not that he did not have the deeds in his possession but simply that the affiant did not know where they were and that he had made due enquiry for them, and was unable to procure them. It may be that his possession is substantially and sufficiently denied, but the affidavit ought to have set out what enquiries he had made, where and of whom, that the Court might judge, whether they were sufficient. It will be recollected also that the plaintiff Mrs. Harven was at the time of her fathers death very young and was but seventeen, when she intermarried
 
 *467
 
 with William Harvin. If the County Court of Mecklen-burg, performed their duty, she had a guardian appointed, in whose custody the title deeds of her real property would probably be, and if we are to take the affidavit as true, those deeds may be in his possession still, for it does not appear that he delivered them to the plaintiff, the husband. It is true, that, in order to show that an original is not in being, it is not necessary to prove that every place has been searched, where it might possibly be, or every person examined, who might, by any possibility have it in possession, but every place, which the law deems its proper depository, ought to be properly examined and every person brought forward who, by law, is entitled to the possession, 2
 
 Steph.
 
 1521. Nothing else ought to satisfy the Court, as the introduction of secondary evidence is from necessity, that the ends of justice may not be defeated. As from the case of
 
 Harper
 
 and
 
 Handcoclc,
 
 it must clearly appear, that the higher evidence was not within the party’s power, to produce, we are constrained to say that the copies of the deeds were in this instance inadmissible.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 novo.