This is an action of assumpsit, which was tried on the general issue. The case was, that the defendant is sheriff sold some slaves under writs of fieri facias against the plaintiff; and the present suit was brought to recover a surplus (592) of the proceeds after satisfying the executions. The defense was that the plaintiff was not entitled to the surplus, because the slaves were not his, but he had conveyed them by deed to one Colson before the defendant took them. In support of the defense evidence was given that Colson had removed from this State and carried the bill of sale with him; and then the defendant offered a witness to prove the contents of the deed. But, upon objection by the plaintiff, the court ruled out the evidence, because the non production of the instrument was not sufficiently accounted for. The defendant then offered a witness to prove that the plaintiff, upon his examination as a witness in a suit brought by Colson for the slaves, stated that they belonged to Colson, and that he (the plaintiff) had no interest in them. But the court refused to receive the evidence; and, after a verdict and judgment for the plaintiff, the defendant appealed.
It is understood from the case that the mode in which the title to the slaves was supposed to have passed from the plaintiff to Colson, as proposed to be established by proof of the declarations of the plaintiff, was by the deed of conveyance, which the defendant had previously alleged. That presents the inquiry whether it be competent to prove the title of Colson derived under the supposed deed — in other words, the contents and operation of that instrument — by oral testimony of the plaintiff's admissions on those points. The Court is of *Page 404 
opinion that it is not. It is to be observed that the title to the slaves is the gist of this controversy; and therefore that the execution, terms and legal effect of the deed by which it was (593) alleged to have passed were directly in issue. It is perfectly settled that the evidence of its execution, if produced, must be by the subscribing witness, and that the want of that evidence cannot be supplied by proof of the party's admissionin pais. Much less, it would seem, can such an admission supply both the place of the subscribing witness and the production of the instrument. There have been cases in which, as exceptions to the general rule of evidence, the admission of a fact by a party was considered sufficient to dispense with the regular proof of deeds. They are not numerous, and are stated in 1 Phil. Ev., ch. 7, sec. 6; and they seem to be in cases in which the subject of the deed was collateral to the principal thing in issue. There appears, however, to have been much conflict of opinion on the admissibility of such declaration; and it is admitted that the Court of Exchequer has held that an admission of the party is competent evidence of the contents of a deed, so as to dispense with its production and proof of its execution, even when the contents are directly in issue. Slatteriev. Pooley, 6 M. and W., 663. That decision has been followed by other cases in which the doctrine has been either laid down or assumed, so that, perhaps, it may be said to prevail at this time in that country. It has, however, been stoutly resisted both on the bench and by reputable writers. The Chief Justice of Ireland, in Lawless v. Queale, 8 Irish Law Rep., 385, did not hesitate to follow Lord Tenterden, in Blosam v. Elsee, Ry. and M., 187, and said that the doctrine of Slatterie v. Pooley was most dangerous, as it opens the door to fraud and surprise by false testimony of the contents of a deed in the form of the party's admission, instead of giving the deed itself. It seems to be in direct opposition of principle: the evidence being received as primary, and the production of the deed and notice to produce it and direct proof of its execution being dispensed with. For, if it be attempted to prove the contents by a person (594) who has read it, the law will not hear him, even after proof of execution, unless the nonproduction of the deed be accounted for; and the reason is that the law will not rust to the frail memory of any man upon that point, when the higher grade of evidence constituted by the instrument itself is kept back. There is evidently the same reason for refusing the evidence of a person who deposes upon his recollection of what the party said of the contents. That is, indeed, going a step *Page 405 
farther than in the former instance, since there is not only danger that the witness may have misunderstood or not fully remembered what the party said, but also that the party may not have remembered and understood the terms and effect of the deed correctly. The incongruity will be the more readily seen if we suppose the same witness, who is called to prove the party's admissions of the contents of a deed, to state also, upon further examination, that he, upon his own knowledge and remembrance, could state the contents, and that they were entirely different from those stated by the party, so as to show that the party by mistake understood the deed to operate more strongly against him than in fact it did. Would it not seem as strange a thing as can be, that the better recollections of the witness, as they may be, of the contents of the instrument — which, perhaps, he attested — should not be admissible, wile his recollections of the party's declared and mistaken recollections as to the contents should be sufficient to establish them? There is clearly in each case the danger that the court and jury may be misled; on which the rule of evidence rests which rejects inferior evidence, because better may be had, and upon that ground requires the production of deeds as the best proof of their contents. In this country that view seems to have bee generally taken of the question. In Welland Canal Company v.Hathaway, 8 Wend., 484, the rule is stated in very correct terms, as it seems to the Court, by Mr. Justice Nelson, now of the Supreme Court of the United States. After citing (595) several cases, he laid it down as an undeniable proposition that the admissions of a party are competent evidence only in cases where parol evidence is admissible to establish the same facts, or, in other words, where there is not, in the judgment of the law, higher and better evidence in existence. He said further, that it would be a dangerous innovation upon the rules of evidence to give any greater effect to the admissions, unless in open court; and the tendency would be to dispense with the production of the most solemn documentary evidence. No case to the contrary in this country has been found; and it is in the experience of each member of the Court that in this State the rule on the circuits has always been to require the deed itself. The present is the first instance in which a question has been raised on it, and the Court feels bound to abide by the old rule.
As to the other point, that secondary evidence of the contents of the deed was admissible, because the deed, though in existence, was in another State, the case of Davidson v. Norment, 27 N.C. 555, is a direct authority the other way. *Page 406