D. W. HARMON et al v. C. W. HUNT, Assignee, et al.

*Action in Nature of Creditor's Bill—Corporation—Creditors—Stockholders—Unpaid Subscription—Evidence—Judgment Against Corporation.*

1. In an action by a creditor of an insolvent corporation against a stockholder thereof to recover the amount of his unpaid subscription, a judgment rendered on the report of a referee in an action to set aside an assignment by the corporation, together with the findings of the referee that such stockholder after subscribing for a certain amount of stock and paying in one-half of his subscription, had been allowed to draw out, after the assignment, all he had paid in, was competent evidence against such stockholder although he was not a party to the action in which such judgment was rendered.

2. One who has not objected to the admission in evidence of a referee's report in a former action to which he was not a party cannot complain on appeal that the admission of such evidence was an error.

3. Where, in an action by the creditors of an insolvent corporation against a stockholder thereof to recover the amount of his unpaid subscription, such stockholder admitted that he had subscribed and had not paid his subscription to the capital stock, and introduced no further evidence, it was proper to direct a verdict to be rendered against him.

CIVIL ACTION, in the nature of a creditor's bill, in which the creditors of the Kernersville Manufacturing Company

asserted their right to resort to the capital stock paid and unpaid, as a trust fund for the payment of its debts, heard before *Battle, J.,* and a jury, at August Term, 1894, of FORSYTH Superior Court. There was a verdict for the plaintiffs, and from the judgment thereon the defendant, R. S. Linville, appealed. The facts appear in *Blalock* v. *Manufacturing Company* (110 N. C. Reports, 99) and in the opinion of Associate Justice FURCHES.

*Messrs. Jones & Patterson* and *Glenn & Manly,* for plaintiffs.

*Mr. J. S. Grogan,* for defendants (appellants).

FURCHES, J. :  We gather from the record in this case and the exhibits "A" and "E," which it seems were offered in evidence on the trial and made a part of the case on appeal, that some years ago—probably in 1881—there was a corporation formed in Forsyth County for the purpose of working and manufacturing tobacco. That a number of persons became subscribers to the capital stock of said company in various amounts, among whom was the defendant, R. S. Linville, to the amount of $200.00. That a number of these subscribers paid into said company, which was organized and known as the "Kernersville Manufacturing Company," the amount of their subscriptions, while some of them paid only a part and some of them paid nothing, or if they paid any part, were allowed to withdraw what they had paid in. In 1885 this company failed in business, became insolvent and made an assignment of its assets to the defendant Hunt, to secure certain of its creditors. That some time after the assignment, the plaintiffs, creditors of said company, commenced this action to set aside said assignment for fraud and for judgment on their several indebtedness and for general relief. This action

was in the nature of a creditor's bill and a reference was made to Mr. Gray to take and state an account of the whole matters involved which he did and reported to Fall Term, 1889, of Forsyth Superior Court. Both sides filed exceptions to said report and it was continued until February Term, 1891, when all the exceptions were overruled, report confirmed and judgment rendered for amounts found due in the report. This judgment was appealed from, 110 N. C., 99, the judgment modified and affirmed, subject to the modifications made by this Court.

In said report the referee finds that the defendant Linville subscribed $200.00 and that he paid in $100.00, being one-half of his subscription, but afterwards he was allowed to withdraw the $100 he had paid in, and the Court gave judgment against said defendant for the amount so found against him, and although this judgment was modified in this Court on appeal, it was not modified or changed in respect to Linville.

After this action was commenced the Court made an order to issue summons to all the corporators, making them party defendants, and it seems summonses were issued and the defendant Linville was present participating in taking the evidence in the reference and it was supposed he was served. But the papers in the case were afterwards destroyed and though they were partially, or, it may be, fully restored by copies from the case on appeal in this Court, no summons was found against the defendant Linville. The concern being insolvent, a summons in the original action was issued against the defendant Linville, which was served and a supplemental complaint was filed in substance (though very inartistically done) declaring that defendant subscribed $200.00 to the capital stock of said corporation, that he paid in $100.00, but afterwards drew it out; that he (Linville) was a party to the action when

the account was taken and judgment rendered against him at February Term, 1891.

The defendant answers and does not deny the subscription, but alleges that he was in the employment of the concern, that it did not keep its contract with him, that it was owing him in January, 1888, more than his subscription, and it compromised the matter and he "surrendered" it, and paid him back the $100. He denied that he was served with a summons or that he was a party to the suit at the taking of the account or at the time of the judgment.

Without objection or exception two issues were submitted to the jury by the Court:

"1st. Was R. S. Linville a party to this action at the time of the hearing before the referee January 18th, 1889, and when judgment was rendered confirming the referee's report?" Ans. "Yes."

"2nd. In what amount, if any, is R. S. Linville indebted to the Kernersville Manufacturing Company?" Ans. "$200, with interest from January 18th, 1889."

Upon these issues the Court gave judgment against the defendant and the defendant appealed, assigning the following ground of error:

"1. That the Judge allowed the jury to consider in passing on the first issue, the statement in the referee's report that R. S. Linville was present at the trial before him. (The Judge allowed this and the referee also, as a witness, so testified.)

"2. The admission of the referee's report as evidence. (When this report was introduced by the plaintiffs, the defendant Linville did not object.)

"3. The admission of the testimony of the witnesses Buxton, Eller, Gray, Glenn and Blalock.

"4. The said defendant also insisted that on all the evi-

dence the Court should have instructed the jury to answer the first issue in the negative.

"5. Said defendant also insisted that the Court had no jurisdiction, the principal amount demanded of him being only two hundred dollars.

"6. Said defendant also objected to the appointment of a receiver."

According to the view we have of this case, we cannot sustain either of defendants exceptions. The first issue, over which it seems the contest was made, in our opinion was entirely immaterial and should not have been submitted. But it did the defendant no harm, as we think the judgment would, or should have been the same, if the jury had found this issue "No" instead of "Yes."

The corporation was the defendant and it represented the assets of the concern, and a judgment against it bound the assets. It was not necessary to make the individual corporators (the stockholders) parties, to do this; and if the defendant was one of the corporators and had not paid his subscription to the capital stock and the concern was insolvent, as was alleged and not denied, it was a part of the assets—a trust fund—for the payment of debts. *Blalock* v. *M'f'g. Co.*, 110 N. C., 199; *Heggie* v. *B. & L. Asso.*, 107 N. C., 581, and cases there cited.

The findings of the referee and the judgment of the Court at February term, 1891, finding and adjudging that the defendant Linville was one of the corporators; that he subscribed $200 and had not paid it, or that he had paid $100 and taken it out again and owed it now, was at least *prima facie* true and was competent evidence if not conclusive. And if the defendant Linville was not a party at the time of taking the account and judgment ( and we are assuming that he was not) then we do not say that he might not have disputed the correctness of said judgment as to his liability

to the corporation.    But we do say that it was competent evidence and established the indebtedness of the corporation to plaintiff.    But as defendant introduced no evidence and having admitted his subscription and that he had not paid it, it was the duty of the Court to instruct the jury, as he did, to find the 2nd issue for the plaintiff.    If we are correct in this, the plaintiffs first exception cannot be sustained, as a part of the judgment at February term, 1891, confirming the report of the referee and judgment thereon, made the report a part of the judgment and it was necessary to refer to the report to see what the judgment was.

In the case on appeal the Judge says there was no exception to the introduction of the report in evidence as stated in defendant's 2nd exception—so this disposes of that exception, if we had not already disposed of it in what is said as to the first exception.

The 3rd exception cannot be sustained, as we think, (but we do not pass upon this) for the reason that it was as to an immaterial issue, the finding of which either way, could not have affected the result.

The 4th exception has in effect been passed upon by what we have already said as to the judgment of February, 1891.

The 5th and 6th exceptions, as we understand, were abandoned on the argument; but if they were not, they cannot be sustained.

We also understood it to be stated on the argument that it would require all the defendant Linville was due the concern together with all they would be able to realize from other stockholders, who had not paid their subscription, and what they would be able to realize from the property and effects of the concern and more, to pay the indebtedness of the said corporation.    And with this understanding we affirm the judgment of the Court below.    But if it

should not require the whole of the unpaid subscriptions, together with the other assets of the concern, to pay said indebtedness, then defendant would only be required to pay his ratable part.                    Affirmed.