AVERY v. STEWART.

(Filed March 1, 1904).

1. SECONDARY EVIDENCE—*Evidence—Findings of Court—Parol Evidence.*

A statement by a witness that a letter is lost, and cannot be found, is not sufficient to admit secondary evidence as to its contents.

2. SECONDARY EVIDENCE—*Questions for Court—Appeal.*

The decision of the trial judge as to whether certain facts are sufficient to admit secondary evidence of the contents of an instrument is not within his discretion, but is a question of law reviewable on appeal.

3. PLEADINGS—*Issues—Answer—The Code, sec. 243.*

Where an allegation in a complaint is within the personal knowledge of the defendant, a denial of the same upon information and belief is not sufficient to raise an issue.

ACTION by A. W. Avery against J. W. Stewart, heard by *Judge Fred. Moore* and a jury at November Term, 1903, of the Superior Court of CRAVEN County. From a judgment for the plaintiff the defendant appealed.

*D. L. Ward* and *W. D. McIver,* for the plaintiff.
*O. H. Guion,* for the defendant.

WALKER, J. This action is brought to establish and enforce a parol trust. The plaintiff alleges that John Humphrey and his wife, being the owners of a tract of land in Craven County containing about ninety acres, contracted to sell the same to him at the price of $500, and that he, not then being able to pay the stipulated price, informed the defendant Stewart of his contract with the Humphreys and requested the defendant to buy the land for him and allow him

three years to pay him the purchase-money; that the defendant agreed to this proposal, with the proviso that the plaintiff should pay him $100 for the "accommodation," and the plaintiff assented to this proviso and thereupon promised and agreed to pay the defendant the $100 and the purchase-money within three years at six per cent. interest; that afterwards, on October 28, 1901, Humphrey and his wife conveyed the land to the defendant, and on December 10th of the same year the defendant, in violation of his agreement with the plaintiff and of the trust assumed by him, conveyed the land to one W. J. Arnold, who has taken possession of the premises under his deed; that Arnold agreed to pay for the land much more than the defendant paid the Humphreys for the same, and more than the plaintiff was required to pay the defendant under their contract; and that Arnold has made certain payments upon the purchase-money which he agreed to pay to the defendant, the amount of which payments is not set forth. The plaintiff prayed judgment that the defendant be required to account for the profit which he has realized from the sale to Arnold.

The material allegations of the complaint were denied in the answer of the defendant. The Court submitted to the jury two issues, as follows: 1. Did John Humphrey and wife contract with the plaintiff to sell him the land as alleged in the complaint? 2. Did the defendant, prior to the conveyance of the land to him by Humphrey and wife, contract with the plaintiff to buy the land described in the complaint for him?

There was evidence tending to sustain the plaintiff's allegations, and there was also evidence tending to show that the defendant bought the land from Humphrey without any understanding or agreement that the purchase was made for the plaintiff, though the allegation of the complaint, which is supported by proof that the defendant bought the land

from Humphrey with the knowledge of the latter's prior contract with the plaintiff, is not distinctly and positively denied by the defendant in his testimony.

The jury, under the instructions of the Court, returned a verdict in favor of the plaintiff, answering both issues "Yes," and upon the verdict judgment was rendered in favor of the plaintiff, to which the defendant excepted and appealed.

At the close of the testimony the defendant moved to nonsuit the plaintiff, and the motion being denied he excepted. He also excepted to the refusal of the Court to submit certain issues which were tendered by him and to certain instructions given by the Court to the jury, but these exceptions we do not deem it necessary to consider.

In order to prove that he made a contract with Humphrey to buy the land before the latter conveyed it to the defendant, the plaintiff proposed to show by his own testimony the contents of a letter or postal card which he had received from Humphrey, and which he alleged had been lost. This letter or postal card contained evidence of the fact that the plaintiff had an agreement with Humphrey to buy the land. The defendant objected to this testimony upon the ground, among others, that it had not been shown and did not appear that the plaintiff had made any search for the letter. In regard to the loss of the letter, the plaintiff testified: "I received a letter from Humphrey, which is lost; I cannot find it." This was all the testimony relating to the loss of the letter or postal card. The defendant's objection was overruled and he excepted.

This ruling was erroneous. There must be at least some evidence of a search for the paper alleged to be lost before parol evidence of its contents can become competent. The rule of the law is: "If the instrument is lost the party is required to give some evidence that such a paper once existed,

though slight evidence is sufficient for this purpose, and that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits such proof. What degree of diligence in the search is necessary it is not easy to define, as each case depends much on its peculiar circumstances; and the question whether the loss of the instrument is sufficiently proved to admit secondary evidence of its contents is to be determined by the Court and not by the jury. But it seems that in general the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him." 1 Greenleaf Ev., sec. 558 (16 Ed., sec. 563b).

In Bradner on Evidence, p. 130, sec. 18, the rule is thus stated: "The burden of showing the loss of a written instrument is upon the party seeking to introduce secondary evidence. He must establish its loss by proof that he has made diligent but unavailing search for the paper in places where it would be most likely to be found, and the degree of diligence necessary to be shown must depend upon the value and importance of the lost document. But it is sufficient if he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest. If the instrument was executed in duplicate, due diligence must be shown to ascertain whether any counterpart exists, and, if so, to obtain it to be used upon the trial. Where it may be in either of two or more places, all the places should be searched; and if it be in the custody of either of two or more persons, inquiry should be made of all of them. The search should have been made as recent as possible."

Wharton says: "The production of proof, satisfactory to the Court, that it is out of the power of the party to produce

the document alleged to be lost, and of its prior existence
and genuineness, is a prerequisite condition of the admission
of secondary evidence of its contents.   The question of such
admissibility is for the Court.   Loss, like all evidential facts,
can be only inferentially proved.   In one sense no instru-
ment can be spoken of as lost that is not destroyed, or irre-
vocably out of the power of the party desiring to produce it.
A check or promissory note may be carefully put away in a
book, and the place of deposit forgotten.   Every effort may
be honestly made to find it; it is all the time in the seeker's
library, in the very place where he put it; yet after all it may
be hopelessly lost.   It is not necessary, therefore, to prove
exhaustively that the paper exists nowhere.   It is sufficient
if the party offering parol proof shows such diligence as is
usual with good business men under  the  circumstances."
Wharton on Evidence, secs. 141, 142.

The principle upon which secondary evidence is admitted
to prove the contents of a lost document, though stated by the
text-writers with some difference in phraseology, is not sub-
stantially changed thereby, and it has frequently been recog-
nized, approved and applied by this Court.   In one of the
earliest cases relating to the question this Court said: "It is
a rule of evidence that the best which the nature of the case
will admit of must be produced.   When that cannot be pro-
duced non-production of it is accounted for, the next best
evidence in the party's power is required.   It is that rule
of evidence which required the production of the bond upon
the trial.   In order to dispense with the production of it, it
was incumbent on the plaintiff to give all the evidence rea-
sonably in his power to prove the loss of it."   *Dumas v.
Powell,* 14 N. C., 104.   See also, *Harven v. Hunter,* 30
N. C., 464; *Governor v. Barkley,* 11 N. C., 20; *McFarland
v. Paterson,* 4 N. C., 618; *Harper v. Hancock,* 28 N. C.,
124; *Smith v. Railroad,* 68 N. C., 107; *Gillis v. Railroad,*

108 N. C., 441; *Murphy v. McNeill,* 19 N. C., 244; *Threadgill v. White,* 33 N. C., 591; *McCracken v. Mc-Crary,* 50 N. C., 399.

The difficulty is not so much in determining or stating what the rule is as in deciding how it should be applied. It is undeniably true that questions as to the existence of facts rendering secondary evidence of the contents of written instruments admissible are to be decided in the first instance by the Court, unless in deciding such a question the Judge would in effect decide the very matter in issue. Stephens' Dig. Ev. (May Ed.), 118; *Hendon v. Railroad,* 125 N. C., 124. But while it is a preliminary question for the Judge to pass upon, it is not one for him to decide according to his discretion, but according to the law. Important legal rights may depend upon the correct decision of such a question, and it cannot be that the law has left it to the irreviewable discretion of the presiding Judge to say when parol evidence shall be competent in such cases. We think the law is the other way, and it has been held to be so in numerous cases decided by this Court. In those cases where the Court must decide preliminary questions as to the admissibility of evidence, such as whether a confession was voluntary, or whether a conspiracy or combination has been shown sufficiently to let in the declarations of the alleged conspirators, or whether a witness is competent as an expert, or whether the loss of a written instrument has been sufficiently shown to render competent parol evidence of its contents, this Court, by *Pearson, C. J.,* in all cases like those just mentioned, has thus clearly stated the rule: "It is the duty of the Judge to decide the facts upon which depends the admissibility of testimony. *State v. Dick,* 60 N. C., 45, 86 Am. Dec., 439. What facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the Judge in the Court below

can be reviewed by this Court.  So what evidence the Judge should allow to be offered to him to establish these facts is a question of law.   So, whether there be any evidence tending to show that confessions were not made voluntarily is a question of law.   But whether the evidence is true and proves these facts, and whether the witnesses giving testimony to the Court touching the facts are entitled to credit or not, and, in case of a conflict of testimony, which witness should be believed by the Court, are questions of fact to be decided by the Judge, and his decision cannot be reviewed in this Court, which is confined to questions of law." *State v. Andrews,* 61 N. C., 205; *State v. Dula,* 61 N. C., 211.

It is the duty of the Judge to state the facts found by him from the evidence, if requested to do so by the party excepting to his ruling (*Holden v. Purefoy,* 108 N. C., 163; *Millhiser v. Balsley,* 106 N. C., 433), and his findings of fact cannot.be reviewed in this Court, but if he does state the facts, either of his own motion or at the request of a party, this Court can review his conclusion, which is based upon the finding, for this presents necessarily a question of law.   We are of course aware of the decision of this Court in *Gillis v. Railroad,* 108 N. C., 441, that "It is within the sound discretion of the Court to determine what is sufficient evidence of the loss or destruction of an original paper to make testimony as to its contents competent," but to this statement of the law we are unable to give our assent, as we think it is not correct on principle or authority.   It is true, stated by the Court in that case, that we will always assume, when nothing appears to the contrary, that the Court, in admitting secondary evidence of the contents of a document, acted upon plenary proof that a sufficiently diligent but fruitless search had been made.   This is so, not because the law does not require sufficient or plenary proof of the loss of the document, nor because the Court's decision upon the matter

is not the subject of review, but because, as neither the evidence nor the finding of facts is stated in the record, this Court must necessarily affirm the ruling, not for the reason that it is right, but because we are unable to see that it is wrong; and for the further reason, perhaps a correlative of the other, that error in the rulings of the Court is never presumed, and he who alleges error must show it. The party excepting has the right to require the facts to be found by the Court and stated in the record (*Holden v. Purefoy, supra*), and if he fails to insist upon this right he of course waives it and must abide the consequences. For these reasons we do not think, because it was decided in *Mauney v. Crowell,* 84 N. C., 314 (cited by the Court in *Gillis v. Railroad, supra*), that where there is no finding of the facts the ruling of the Court is conclusive, it thereby recognized "the discretionary power of the Court to pass finally upon the question as to whether proper search had been made." If there is sent with the record the evidence of the loss instead of the Judge's finding of facts, this Court will consider the evidence in the most favorable light for the appellee (*Holden v. Purefoy, supra*), but will of course pass upon the sufficiency of the evidence to show that proper search has been made.

While the Court in *Gillis v. Railroad, supra,* says: "Where the facts upon which the *nisi prius* Judge acted are found, it is competent for this Court to review his ruling and determine whether the testimony was sufficient in law to justify his conclusion," the general trend of the decision in that case is that the matter lies solely within the discretion of the presiding Judge, and it was so understood and construed by one, at least, of the dissenting Justices, whose view is sustained by the reference of the Court to the case of *Bonds v. Smith,* 106 N. C., 565, in which it is said that "it is always within the sound discretion of the judge who tries a case to determine what is sufficient proof of the loss or destruction of an

original paper to make evidence of its contents competent."
There are some expressions in the opinion which we think
may lead to misapprehension of what we conceive to be the
true rule, unless they are limited somewhat in their scope and
effect.   If it was intended to decide that when the facts are
found by a judge and stated in the record his ruling is the
subject of review, but when no evidence or finding of facts
appear in the case this Court will assume either that sufficient
facts were found or that there was plenary evidence of the
essential facts, we fully concur in the decision, and, thus
restricted, we believe that it is correct and sustained by
authority; but if it was intended to lay down the rule, as
the dissenting Justices seemed to understand that it did,
that the question is one that is addressed solely to the dis-
cretion of the Court, we are unable to adopt that view of the
law, and to that extent the case is disapproved.   It appears
in that case that the Court actually passed upon the sufficiency
of the testimony to establish the loss of the letters as matter of
law, and ruled that it was sufficient for the purpose of letting
in parol evidence of their contents.   There was evidence that
the plaintiff generally kept the letters in his trunk, but some-
times ·in his wife's trunk.   He had made search only in his
own trunk; and it was held, as we have said, to be a sufficient
search.   We cannot assent to this ruling, as we think the law
requires that search should have been made in both places,
for the party who proposes to produce the parol evidence of
the contents of the instrument alleged to be lost must have
exhausted, in a reasonable degree, all sources of information
and means of discovery which the nature of the case would
naturally suggest and which were accessible to him. 1 Green-
leaf Ev., sec. 558; *Blair v. Brown,* 116 N. C., 631; *Simpson
v. Dall,* 3 Wallace, 460; *Johnson v. Arnwine,* 42 N. J. Law,
451, 36 Am. Rep., 527; *Richards v. Lewis,* 5 Eng. Law and
Eq., 400; *Cook v. Hunt,* 24 Ill., 550.   Some of those cases

are, in respect to their facts, like the case of *Gillis v. Railroad, supra.* We are of the opinion that the decision in the latter case, so far as the Court held that the Judge merely exercises his discretion in passing upon the sufficiency of the search for the lost paper, is opposed to the rule as stated and applied in the cases decided by this Court, and which we have already cited. The case of *Gillis v. Railroad* cannot be distinguished in principle from the case of *Dumas v. Powell* and *Harven v. Hunter, supra.* See, also, *Bligh v. Wellesly,* 2 C. & P., 400.

In our case the witness testified that the paper was lost and he could not find it. This was all the evidence, and we must pass upon its sufficiency, as matter of law, to show that a proper search was made for the original, and we have concluded, after a careful review of the authorities, that it was not sufficient for that purpose. The witness does not testify distinctly or positively that he ever made any search. If there was a search the fact is not stated but left merely to inference, and it does not, therefore, appear what kind of search was made. As to this important matter we can do nothing but conjecture.

There is another objection to the proof of loss. The fact to be found by the Court is that the paper is lost and cannot be found or produced, and the witness, instead of testifying as to what kind of search he had made, so that the Court could find the ultimate fact of loss, testified directly to the fact itself and thereby substitutes his opinion or judgment upon the question for that of the Court. This certainly is not a compliance with the rule. In order to show the loss of the paper, it was necessary. that a diligent search should have been made for it where it was most likely to be found (*Simpson v. Dall, supra*), and this must be shown by evidence and not by the mere opinion of the witness, nor by

his deduction from the facts as they may have appeared to him, but which were not disclosed to the Court.

In *Parker v. Dunkel,* 3 Watts & Serg., 59 Pa., 294, the Court said: "It is indispensable that the legal proof required to warrant secondary evidence should be satisfactorily made out. Here all that the defendant produced afterwards was the oath of Dunkel that he received the letter spoken of by Messrs. Smith and it was lost. This, we think, was not sufficient. The party relying on secondary evidence must go further and show what became of the original, and that due diligence was made to find it, at all events, ought to furnish reasons for believing that the document is irretrievably lost and not merely mislaid, and still within the power of the party to recover by an exertion of proper diligence. A thing is often in common parlance lost and yet found on a search. More especially is this incumbent on the party when he has himself had the document in his custody and is called on to show that it cannot be produced."

In *Justice v. Luther,* 94 N. C., 793, the defendant proposed to prove the declaration of a party who was shown to have had the custody of the paper in question that it was lost, in order to introduce secondary evidence of its contents. The evidence was excluded, not only because it was hearsay but for the further reason that it was not in its nature reasonably sufficient to account for the absence of the original. *Blair v. Brown, supra.* In *Harven v. Hunter, supra,* the Court says: "The case does not profess to set forth the affidavit itself, but its contents. It states, not that he did not have the deeds in his possession but simply that the affiant did not know where they were and that he had made due inquiry for them and was unable to procure them. It may be that his possession is substantially and sufficiently denied, but the affidavit ought to have set out what inquiries

he had made, where and of whom, that the Court might judge whether they were sufficient."

In *Lyon v. Washburn,* 3 Col., 204, the Court says: "To show in general terms that a writing is lost, without showing search or inquiry for it, has never been regarded as sufficient to admit secondary evidence of its contents." In *McFarland v. Patterson,* 4 N. C., 618, it is said: "The case now before the Court stands upon the long-established rule that parol evidence cannot be admitted to prove the contents of the written contract, unless it shall be clearly made to appear that the written contract is lost by time or accident. The plaintiff not having shown that the written contract was lost in either of the above ways he should not have been permitted to prove the same by parol." The counsel for the plaintiff contended that the ruling upon this evidence was immaterial, as the finding upon the second issue was sufficient to entitle the plaintiff to a judgment. This may or not be so, but however it may be the issue certainly does not embrace all of the facts upon which the plaintiff originally relied for a recovery, and we deem it best not to decide what the rights of plaintiffs are, if he has any, until his case has been fully developed.

As the case must go back for a new trial we would suggest that the second issue be amended so as to read substantially as follows: "Did the defendant, knowing that Humphrey and wife had contracted to sell the land to the plaintiff, and before contracting with Humphrey for the purchase of the land, and before receiving a deed therefor, agree with the plaintiff to buy the land for him, as alleged in the complaint?" This issue, it seems to us, more clearly conforms to the particular allegations of the complaint than the one submitted at the last trial, and there was evidence to support an affirmative finding upon it.

It may be well to call attention to the fact that the allegations of the third section of the complaint are not sufficiently

denied in the answer. The plaintiff alleges in the third section of his complaint that he informed the defendant of his agreement with Humphrey to buy the land from him, and then contracted with the defendant that the latter should buy the land from Humphrey for the plaintiff, and allow him, the plaintiff, three years to pay for it, and also to pay the additional sum of one hundred dollars, which the defendant was to receive as the consideration for his undertaking. In the answer the defendant merely states that "he is informed and believes that the allegations of the third article are not true, and therefore denies the same." Whether he had been informed by the plaintiff of the Humphrey contract was a matter which was necessarily within his personal knowledge, and the allegation in regard to it should have been met by a direct denial or, at least, the statement of a "want of recollection" of it, if he intended to raise an issue in regard to it. *Gas Co. v. Mfg. Co.,* 91 N. C., 74. The answer in this respect was not sufficient under The Code, sec. 243 (1) to raise an issue. It may be amended in the discretion of the Court upon proper application, if the defendant wishes to contest the matters alleged by the plaintiff.

There was error in the ruling of the Court below upon the evidence, for which there must be another trial.

New Trial.